■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BENJAMIN DETLING, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered July 6, 1977, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The defendant was deprived of his right to effective assistance of counsel by the following glaring deficiencies in his representation by defense counsel: (1) The failure to move for a *Huntley* hearing despite claims by the 18-year-old defendant that his statements were coerced by the arresting officers and that he was not permitted access to his father until after he had confessed. (2) The failure to move for a hearing to determine whether there was probable cause for the arrest of the defendant, who was seized on the basis of a tip from an unidentified informant. (3) The failure to call the defendant's father

as an alibi witness at trial despite the fact that the father had testified before the Grand Jury that the defendant was at home with him at the time of the alleged burglary. As a result of the foregoing omissions, we cannot conclude that defendant's representation "was adequate or effective in any meaningful sense of the words" (see *People v Droz,* 39 NY2d 457, 463) and there must be a new trial. We do not agree that the weakness of the proof adduced requires dismissal. Lazer, J. P., Gibbons and Gulotta, JJ., concur.

Cohalan, J., concurs insofar as the majority has reversed the judgment, but otherwise dissents and votes to dismiss the indictment on the ground that defendant was not proved guilty beyond a reasonable doubt.