■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered March 5, 1985, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of the effective assistance of counsel is without merit. He argues that his counsel's failure to pursue an alibi defense or request that an alibi charge be given to the jury was error. However, defense counsel cogently presented other theories of defense, and the emphasis of some defenses over others is a matter of trial strategy that will not be second-guessed on appeal *(see,*

*People v Baldi,* 54 NY2d 137; *People v Norris,* 108 AD2d 760). The defendant also argues that his counsel was ineffective in that although he moved to suppress the defendant's video-taped statement, he did not adequately pursue the matter at the hearing, and failed to object to the admission of this statement at trial. However, the statement is exculpatory, not inculpatory, for in it the defendant states that he was at another location during the time the victim was stabbed to death. Thus, the admission of the tape aided the defense in that it permitted the defendant to place his version of what he was doing on the night in question before the jury without being subjected to cross-examination. Our review of the circumstances of this case leads us to the conclusion that defense counsel provided meaningful representation, and that, therefore, his representation was constitutionally effective. Niehoff, J. P., Lawrence, Weinstein and Kunzeman, JJ., concur.