■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE TORRES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered September 3, 1987, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We are satisfied that the defendant herein was provided with meaningful representation by trial counsel *(see, People v Satterfield, 66 NY2d 796; People v Sanchez, 148 AD2d 760).* One should not confuse true ineffectiveness with mere losing tactics and should not accord undue significance to retrospective analysis *(see, People v Baldi, 54 NY2d 137, 146).* A contention of ineffective assistance of trial counsel requires proof of less than meaningful representation rather than simple disagreement with strategies and tactics *(see, People v Rivera, 71 NY2d 705, 708-709)* and a demonstration of actual prejudice *(see, People v Sullivan, 153 AD2d 223).* The defendant has failed to show that he received less than meaningful representation.

It is well established that the trial court has the discretion to order the pretrial release of the names and addresses of the People's witnesses *(see, People v Lynch, 23 NY2d 262, 271-272).* The record herein fully supports the trial court's decision not to disclose the names and addresses of the prosecution's witnesses to the defendant some two months prior to the start of the trial, especially in view of the fact that the defendant had stated on several occasions that he had shot the victim because he was an informant.

The record also fully supports the trial court's determination to dismiss two prospective jurors who had informed the court that they would be unable to render a guilty verdict

under any circumstances if the prosecution did not produce the murder weapon, despite the court's instruction that production of the weapon was not necessary to establish the crime *(see,* CPL 270.20 [1] [b]; *People v Torpey,* 63 NY2d 361). The record fails to support the defendant's contention that the People either withheld evidence or introduced false evidence.

Finally, under the circumstances of this case, we find that the sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.