■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY JEREMIAH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered January 3, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that he was denied the effective assistance of trial counsel. At trial, the People introduced into evidence, in relevant part, the defendant's statement to the police in which he admitted that he shot the victim in self-defense, as well as eyewitness testimony concerning the shooting. Consequently, defense counsel's trial strategy was to concede that the defendant shot the victim, but to assert the defense of justification. This court will not, with the benefit of hindsight, second-guess an attorney's losing trial strategy, even where, as here, it included an admission to the actual shooting and the unlawful possession of the gun used to shoot the victim *(see, People v Glover,* 165 AD2d 880; *People v Sullivan,* 153 AD2d 223, 227; *see also, People v Satterfield,* 66 NY2d 796, 798; *People v Torres,* 164 AD2d 923). Under the circumstances of this case, the defense counsel's representation of the defendant, when viewed in its entirety, was meaningful *(see, People v Baldi,* 54 NY2d 137).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit *(see, People v Galloway,* 54 NY2d 396; *People v Stephens,*

161 AD2d 740). Lawrence, J. P., Kooper, Sullivan and Rosenblatt, JJ., concur.