■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DALEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered December 9, 1987, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. No questions of fact have been raised or considered.

On November 5, 1986, the defendant was apprehended during a so-called "buy and bust" operation as he attempted to exit a video arcade. An undercover officer entered the arcade minutes before the defendant's arrest and spoke with another individual indicating that he wished to purchase some crack-cocaine. This individual instructed the officer to "cool out" for a while. As the officer waited inside the arcade to purchase the crack-cocaine, he observed the defendant entering the premises carrying a clear plastic bag containing numerous vials of white powder. Upon entering the premises, the defendant walked over to the individual who had originally talked with the undercover officer and handed him the plastic bag. This individual reached into the bag and gave the officer one of the vials in exchange for $10 of prerecorded money. The officer then left the arcade, returned to his vehicle, and radioed a team of backup police officers providing them with a description of the defendant and of the individual to whom he had handed the prerecorded money in exchange for the crack-cocaine.

After receiving the radio transmission, the backup police officers proceeded to the arcade. Several officers entered the premises and secured those inside, while additional officers remained outside the arcade to prevent anyone from exiting or leaving the building. For some reason, the defendant, who had supposedly been inside the arcade, was able to walk out the front door despite the fact that the officers who entered the premises had been provided with a description of him. Officer Sherman, who was stationed outside the building, testified that he observed the defendant coming out of the front door and, at that point, the defendant was placed under arrest. The $10 of prerecorded money was found on the defendant's person when he was subsequently searched at the

precinct. At trial, the defendant claimed that he was merely walking past the arcade when he was apprehended.

On appeal, the defendant contends that he was denied the effective assistance of counsel because his attorney, *inter alia,* failed to move for the suppression of the prerecorded money, inadequately cross-examined the undercover officer, was unfamiliar with relevant criminal law, and, during his summation, failed to address both the prerecorded money which was allegedly found on the defendant and Officer Sherman's testimony that he observed the defendant leaving the premises.

During the course of the trial, the defense counsel demonstrated his lack of familiarity with the law when he indicated to the court that he believed the defendant would have to admit to the allegations contained in the indictment if he were to offer an alibi defense and that, if such a defense were presented, the burden of proof would then shift to the defendant.

The record also reveals that the defense counsel's cross-examination of the prosecution's key witness, the undercover officer who was the only witness able to connect the defendant to the drug sale, was wholly inadequate. Counsel failed to focus on the officer's identification of the defendant or the rather brief time in which the officer had to make such an identification. Counsel also failed to cross-examine the officer concerning his observations while he was inside the arcade. At one point, the court called the defense counsel into his chambers and, on the record, admonished him for failing to read the police officer's Grand Jury testimony, which admittedly he did not do, and for failing to adequately prepare for the officer's cross-examination. The court also noted counsel's inability to formulate questions during his cross-examination of several other police witnesses.

During his summation, the defense counsel neglected to address any of the incriminating evidence which had been presented and he failed to focus on any of the critical issues raised at trial. Although the defendant and his girlfriend had testified that they were merely walking past the arcade when the police officer directed the defendant to stand against a wall and arrested him, counsel failed to mention the prerecorded money allegedly found on the defendant's person or Officer Sherman's testimony that he observed the defendant emerging from the arcade.

This court has consistently held that in cases involving a claim of deprivation of the right to effective assistance of

counsel, that reversal is not warranted unless the defense counsel's ineptitude actually had a probable effect on the outcome of the trial *(see, People v Margan,* 157 AD2d 64; *People v Sullivan,* 153 AD2d 223; *accord, People v Torres,* 164 AD2d 923). In this case, the record before us reveals that the defendant did in fact suffer "actual prejudice" as a result of his attorney's incompetence *(see, People v Sullivan, supra,* at 229). While this court is not in a position to second-guess whether a course chosen by a defendant's counsel was the best strategy, or even a good one *(see, People v Ghee,* 153 AD2d 954), in this case there appears to be an absence of any strategy. When the representation afforded the defendant is viewed together, and as of the time of the representation, with the evidence, the law, and the circumstances presented, we find that the defendant was not afforded meaningful representation by counsel *(see, People v Baldi,* 54 NY2d 137). Accordingly, reversal of the defendant's judgment of conviction is warranted and a new trial is ordered. Bracken, J. P., Eiber, Balletta and Ritter, JJ., concur.