■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS VILLANUEVA, Also Known as RICKY MOLINA, Appellant. [610 NYS2d 49] —Appeals by the defendant from two judgments of the Supreme Court, Kings County (Miller, J.), both rendered April 22, 1991, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 12273/89, upon his plea of guilty, and criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts) under Indictment No. 9852/90, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt under Indictment No. 9852/90 beyond a reasonable doubt. The record indicates that the defendant was not acting as an agent for the undercover police officer, since, *inter alia,* the defendant exhibited salesmanlike behavior, and he appeared to have a previous acquaintance with the codefendant *(see, People v Roche,* 45 NY2d 78, *cert denied* 439 US 958). Moreover, upon the exercise of our factual review power, we are satisfied

that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the judgment rendered under Indictment No. 9852/90 need not be set aside because the trial court refused to provide a missing witness charge as to the uncalled undercover police officer who was acting as the "ghost", or back-up observer, during the so-called "buy and bust" operation. The inconsistency between the ghost's police report and the undercover officer's testimony was amply explored at trial. In addition, proof of guilt was overwhelming. Any error in this regard was therefore harmless *(see, People v Fields,* 76 NY2d 761).

Viewing the representation afforded to the defendant in light of the evidence, the law, and the circumstances presented here, we find that the defendant received meaningful representation by counsel *(see, People v Baldi,* 54 NY2d 137, 147; *see also, People v Daley,* 172 AD2d 619).

The defendant's remaining contentions are without merit. Thompson, J. P., O'Brien, Joy and Altman, JJ., concur.