■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FOGLE, Appellant. [688 NYS2d 213] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered February 13, 1997, convicting him of murder in the second degree and criminal possession of a

weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The racially-motivated use of peremptory challenges violates the Equal Protection Clause of both the State and Federal Constitutions whether they are made by the defense or the prosecution (*see, Hernandez v New York,* 500 US 352; *Batson v Kentucky,* 476 US 79; *People v Kern,* 75 NY2d 638). Here, after the prosecutor argued that the defense counsel was using his peremptory strikes to exclude white jurors from the panel, the defense counsel proffered race-neutral explanations for the challenges. The trial court rejected these proffered explanations as pretextual and seated two challenged jurors over objection.

Viewing the totality of the circumstances (*see, Hernandez v New York, supra*), especially the fact that defense counsel exercised 9 out of 10 of his peremptory challenges to exclude prospective white jurors, there is no basis upon which to overturn the trial court's determination which is to be given great deference on appeal (*see, Hernandez v New York, supra; People v Garcia,* 239 AD2d 599), that the explanations proffered by the defense counsel were merely pretextual. Altman, J. P., Friedmann, McGinity and Luciano, JJ., concur.