■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN MALDONADO, Appellant. [718 NYS2d 387] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered May 15, 1998, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

However, we agree with the defendant that he did not receive the effective assistance of counsel. A defendant's constitutional right to effective assistance of counsel is satisfied when, under the totality of the circumstances existing at the time of the representation, counsel provided the defendant with meaning-

ful representation (*see, People v Rivera,* 71 NY2d 705; *People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137). To establish that counsel was ineffective, it must be shown that the attorney's conduct was so prejudicial as to deprive the defendant of a fair trial (*see, People v Benevento,* 91 NY2d 708, 713; *People v Hobot,* 84 NY2d 1021, 1022). "As long as the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance" (*People v Benevento, supra,* at 712-713; *see also, People v Lane,* 60 NY2d 748).

Applying these principles, we conclude that the defendant's trial counsel was ineffective. The complainant was robbed at his school by a group of men. Approximately two months later, he saw the defendant in the dean's office at the school and identified him as one of the perpetrators. At the defendant's first trial, an admitted participant in the robbery testified that the defendant was not involved in the commission of the crime. In addition, the defendant's sister and his nephew testified that the defendant went to the school on the day of his arrest on behalf of his sister, whose son attended the school. At his first trial, the jury was deadlocked seven to five in favor of acquittal.

The defendant was represented by new counsel at his retrial. Counsel failed to call the participant in the robbery or the defendant's sister and nephew as witnesses. Additionally, she failed to interview or call any of four alibi witnesses identified by the defendant. The alibi witnesses were the defendant's employer, his coworkers, and another individual who had seen the defendant at work on the day the robbery was committed. The testimony elicited at the hearing conducted pursuant to the defendant's CPL 330.30 motion did not reveal any sound reason for counsel's failure to investigate the defendant's alibi or to call these witnesses to testify at trial.

While a court should not second-guess whether a course chosen by the defendant's trial counsel was the best strategy, or even a good one (*see, People v Ghee,* 153 AD2d 954), it is hard to perceive any trial strategy which would justify counsel's failure to interview and/or call witnesses who had exculpatory information which tended to exonerate the defendant and substantiate his defense (*see, People v Rojas,* 213 AD2d 56; *People v Baba-Ali,* 179 AD2d 725, 729; *People v Daley,* 172 AD2d 619). When the representation afforded the defendant is viewed in its totality, and as of the time of the representation, together with the evidence, the law, and the circumstances

presented, it is apparent that the defendant was not afforded meaningful representation of counsel (*see, People v Baba-Ali, supra*; *People v Daley, supra*).

In addition to the foregoing, the trial court erred in denying the defendant's challenge for cause to a prospective juror who worked with two detectives who testified for the People. Contrary to the People's contention, the defendant's claim is preserved for appellate review. Although the prospective juror denied any social relationship with the two detectives, she noted that she worked in the 110th Precinct where the detectives also worked, and that she had a professional relationship with these detectives to the extent she would see them regarding "the business of the day." She had known one of the detectives for ten years and had known the other for four to five years. At the time of jury selection, she was still working with the detectives in the same precinct. While a juror is not automatically disqualified by the existence of a relationship with a witness who testifies at trial, the circumstances of a particular case may require that the juror be excused (*see, People v Rentz*, 67 NY2d 829). In light of the length of time during which the prospective juror had worked with the detectives, and her admission that she dealt with them on a daily basis, the court should have granted the defendant's challenge for cause (*see, People v Rentz, supra*; *People v Hoffstetter*, 256 AD2d 1171).

It is unnecessary to address the defendant's remaining contention. Santucci, J. P., Altman, Goldstein and McGinity, JJ., concur.