■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FOGLE, Appellant. [762 NYS2d 104] —Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Tomei, J.), dated September 11, 2000, which denied, after a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court, rendered February 13, 1997, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Kings County, for further findings of fact, including credibility findings, in accordance with this decision and order, and to reopen the hearing, if necessary, and the appeal is held in abeyance in the interim.

On September 19, 1995, Alex Colon, allegedly acting in concert with another person, chased and shot Shawn Barnes in the head, killing him. The perpetrators of this crime also fired shots at another individual and two undercover police officers. The defendant was arrested shortly after the shooting and charged with murder in the second degree, attempted murder in the second degree, two counts of attempted assault in the first degree, and criminal possession of a weapon in the second and third degrees.

Four civilian witnesses testified at trial that the crime was perpetrated by two individuals, and, of these witnesses, only one identified the defendant as Alex Colon's accomplice in the shooting. Two undercover police officers who witnessed the shooting testified, on the other hand, that only one person chased and shot the victim and that that individual was the defendant. The defendant presented no witnesses at trial. He was convicted of murder in the second degree and criminal possession of a weapon in the second degree. The judgment of conviction was affirmed (see People v Fogle, 260 AD2d 503 [1999]).

In his motion pursuant to CPL 440.10, the defendant argued that his trial counsel was ineffective for, among other reasons, failing to conduct any investigation which, had he done so, would have uncovered the existence of two eyewitnesses to the crime who identified someone other than the defendant as one of the individuals who committed the crime. The defendant further faulted his trial counsel for failing to request that the People turn over an unredacted copy of a complaint follow-up report, commonly referred to as a DD-5, of one of the trial witnesses (hereinafter Witness # 6).

The Supreme Court rejected these and other points that the defendant raised in his motion. In rejecting the defendant's claims of ineffective assistance of counsel for failing to investigate, and, indeed, for failing to cross-examine the unknown witness who, according to a redacted DD-5, had attributed the crime to an individual known as "Young God," the Supreme Court engaged in a rationalization not supported by the trial record. The Supreme Court viewed the defense theory at trial as an effort to establish that there had been only one perpetrator involved in the shooting of Shawn Barnes, and that was Alex Colon. The trial record reveals, however, that the theory of the defendant's trial counsel was that there were two perpetrators and that someone resembling the defendant was the second perpetrator.

In analyzing the defendant's ineffective assistance of counsel

claim, the Supreme Court did not make any findings of fact (*see* CPL 440.30 [5]) with respect to whether trial counsel conducted any pretrial investigation and, if not, whether this constituted ineffective assistance of counsel in this case. Instead, the Supreme Court excused the defendant's trial counsel for allegedly conducting absolutely no investigation. Such an investigation would have uncovered two witnesses— elusive as they may be—one of whom would have pointed the finger to "Young God" as the second perpetrator and the other of whom would have exonerated the defendant. In addition, the Supreme Court engaged in speculation when it disregarded the affidavits of the two eyewitnesses, located after trial by the defendant's private investigator, on the ground that they would not have been available to testify on the defendant's behalf had their existence been known before trial.

The failure to investigate is so fundamental to the deprivation of the effective assistance of trial counsel (*see Thomas v Kuhlman*, 255 F Supp 2d 99 [2003]; *People v Donovan*, 184 AD2d 654, 655 [1992]; *cf. People v DeFreitas*, 213 AD2d 96, 99 [1995]), that it cannot be rationalized away with a post hoc construction of the trial theory of defense.

The Supreme Court never resolved the issue of whether trial counsel requested or obtained the undredacted DD-5. It concluded that to cross-examine Witness # 6, whose identity was concealed by the redacted DD-5, as to his pretrial identification of the second perpetrator as "Young God," would have conflicted with the supposed defense strategy and would have imposed on the defendant a de facto burden of proving who the second perpetrator actually was. Without testimony from either the defendant's trial counsel or the prosecutor that tried the case, the defendant's claim that his trial counsel never requested or obtained the unredacted DD-5 is unrefuted.

Based upon these errors, the Supreme Court must re-examine both issues: Whether trial counsel requested or obtained the unredacted DD-5 of Witness # 6; and whether he conducted any investigation. With respect to the DD-5 issue, the court must determine whether the failure to request it, or, if he possessed it, the failure to use it to cross-examine Witness # 6, constituted ineffective assistance of counsel in the face of the defendant's theory of mistaken identity. With respect to the failure to investigate issue, the court must decide if this is true and, if so, whether this failure constituted ineffective assistance of counsel.

Therefore, at the request of the Assistant District Attorney made during oral argument on this appeal, the matter is remit-

ted to the Supreme Court, Kings County, for further findings of fact and credibility determinations (*see* CPL 440.30 [5]). If necessary to make its findings, the Supreme Court may reopen the hearing to take testimony from the trial prosecutor and, if available, the defendant's trial attorney. Smith, J.P., Goldstein, Crane and Rivera, JJ., concur.