■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY BUSSEY, Appellant. [775 NYS2d 364]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered April 11, 2003, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was indicted, tried, and convicted for the murder of Roderick Padgett. After the jury returned a verdict of guilty, the defendant's newly-retained counsel sought to set aside the verdict pursuant to CPL 330.30 on the ground, inter alia, that the defendant was denied the effective assistance of counsel.

"To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's failure[s]" (*People v Rivera,* 71 NY2d 705, 709 [1988]; *see People v Taylor,* 1 NY3d 174, 177 [2003]; *People v Benevento,* 91 NY2d 708, 712 [1998]). "[T]rial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness. So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi,* 54 NY2d 137, 146-147 [1981]).

The testimony elicited at the hearing conducted pursuant to CPL 330.30 revealed that the defense counsel did not conduct an investigation into the defendant's alibi, and failed to obtain any report from the investigator he hired to interview the two alibi witnesses whose names were provided to the prosecution pursuant to CPL 250.20. Moreover, the defense counsel visited the defendant in prison to discuss the charges for the first time only two days before the commencement of trial, when he learned that there were as many as seven potential alibi witnesses. The defense counsel testified at the hearing that he did not investigate the claims of any of the alibi witnesses or call them at trial because he did not want to risk having the prosecution elicit potentially damaging testimony on cross-examination of those witnesses indicating that the shooting was in retaliation for an earlier killing of a member of a local rap

group. However, the defense counsel acknowledged that prior to trial, the Supreme Court granted his motion in limine pursuant to *People v Molineux* (168 NY 264 [1901]) precluding the prosecution from introducing testimony concerning the defendant's connection with any rap group or a previous shooting involving members of rap groups. At trial, the defense counsel limited the defense to attacking the credibility of the prosecution's two eyewitnesses.

While "the emphasis of some defenses over others is a matter of trial strategy that will not be second-guessed on appeal" (*People v Rodriguez,* 132 AD2d 682 [1987]), "the defendant's right to representation does entitle him to have counsel 'conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed, and to allow himself time for reflection and preparation for trial' " (*People v Bennett,* 29 NY2d 462, 466 [1972] quoting *Coles v Peyton,* 389 F2d 224, 226 [1968]; *see People v Fogle,* 307 AD2d 299, 301 [2003]).

Under the circumstances, the defendant was denied the effective assistance of counsel as the testimony elicited at the hearing did not reveal any sound reason for the defense counsel's failure to investigate the defendant's alibi or to call any of the alibi witnesses to testify at trial (*see People v Maldonado,* 278 AD2d 513, 514 [2000]; *People v Baba-Ali,* 179 AD2d 725, 729 [1992]; *People v Detling,* 73 AD2d 937 [1980]; *see also People v Droz,* 39 NY2d 457, 462-463 [1976]; *People v Bennett, supra*; *People v Rojas,* 213 AD2d 56, 67 [1995]; *People v Simmons,* 110 AD2d 666 [1985]).

In view of our determination, it is unnecessary to reach the defendant's remaining contention. Altman, J.P., Smith, S. Miller and Crane, JJ., concur.