■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FOGLE, Appellant. [781 NYS2d 680]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Tomei, J.), dated September 11, 2000, which, after a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court rendered February 13, 1997, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. By decision and order of this Court dated July 14, 2003, the appeal was held in abeyance and the matter was remitted to the Supreme Court, Kings County, for "further findings of fact and credibility determinations" on the issue of trial counsel's effectiveness (*People v Fogle,* 307 AD2d 299, 302 [2003]). The Supreme Court, Kings County, has conducted a hearing and filed its "decision and order" dated March 5, 2004, with this Court.

Ordered that on the Court's own motion, so much of the "decision and order" of the Supreme Court, Kings County, dated March 5, 2004, as granted the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction is vacated; and it is further,

Ordered that the order dated September 11, 2000, is reversed, on the law, the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction is granted, and a new trial is ordered.

After receiving additional evidence on the defendant's motion pursuant to CPL 440.10 upon remittitur, the Supreme Court concluded that there was a "complete failure to investigate" by trial counsel, that there was "no strategic reason" for this lack of investigation, and that "an investigation of the crime scene

and a search for additional witnesses would likely have revealed evidence favorable to the defense which could have been utilized at trial." We agree with these factual findings, and conclude that the failure to investigate rendered counsel ineffective.

At the very least, the defendant's post-conviction submissions reveal the existence of other eyewitnesses to the shooting, one of whom exonerated him, and another of whom cast further doubt on the testimony of the prosecution witnesses, who offered varying accounts of the crime and its perpetrators. The hearing court found that "the People did not have an overwhelming case against the defendant and . . . the introduction of any creditable source for reasonable doubt as to the defendant's identification as the dark-skinned gunman might have affected the outcome." Therefore, the defense counsel's complete failure to conduct an investigation compels the conclusion that the defendant was denied the effective assistance of counsel (*see People v Bussey*, 6 AD3d 621 [2004]; *People v Maldonado*, 278 AD2d 513 [2000]; *see also People v Droz*, 39 NY2d 457 [1976]; *Thomas v Kuhlman*, 255 F Supp 2d 99, 107-108 [2003]).

We note that the remittitur by this Court required the Supreme Court to report on specific factual issues. To the extent that the Supreme Court rendered legal findings and granted the request for relief pursuant to CPL 440.10, its "decision and order" must be vacated.

In view of our determination, it is unnecessary to reach the defendant's remaining contention. Smith, J.P., Goldstein, Crane and Rivera, JJ., concur.