People v Burgos (2018 NY Slip Op 06761)





People v Burgos


2018 NY Slip Op 06761


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2015-05496
 (Ind. No. 91/08)

[*1]The People of the State of New York, respondent,
v
Jose Burgos, appellant.


Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Merri Turk Lasky, and Kayonia Whetstone of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Kenneth C. Holder, J.), dated June 1, 2015, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Robert J. Hanophy, J.), rendered May 6, 2010, convicting him of burglary in the second degree, possession of burglar's tools, petit larceny, criminal possession of stolen property in the fifth degree, and resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
The defendant was convicted of burglarizing a home, stealing a wristwatch from that home, and resisting arrest. The judgment of conviction was affirmed on appeal (People v Burgos, 97 AD3d 689). The defendant then moved to vacate the judgment of conviction pursuant to CPL 440.10 on the ground of ineffective assistance of trial counsel. The Supreme Court denied the motion, without a hearing, and the defendant appeals.
Contrary to the defendant's contentions, the Supreme Court could determine from the parties' submissions that the defendant was not deprived of the effective assistance of counsel (see People v Satterfield, 66 NY2d 796, 799-800). The defendant failed to show that counsel acted without strategic or other legitimate explanation for the challenged conduct (see People v Rivera, 71 NY2d 705, 709; cf. People v Bussey, 6 AD3d 621; People v Maldonado, 278 AD2d 513). Accordingly, we agree with the court's determination to deny the defendant's motion pursuant to CPL 440.10 without holding a hearing (see CPL 440.30[4][b], [d]; People v Ozuna, 7 NY3d 913, 915; People v Satterfield, 66 NY2d at 799; People v Coleman, 37 AD3d 491; People v Broxton, 34 AD3d 491, 492).
RIVERA, J.P., CHAMBERS, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court