People v Lanier (2021 NY Slip Op 01094)





People v Lanier


2021 NY Slip Op 01094


Decided on February 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

110566

[*1]The People of the State of New York, Respondent,
v
Shateek Lanier, Appellant.

Calendar Date: January 5, 2021

Before: Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.


Levitt & Kaizer, New York City (Richard W. Levitt of counsel), for appellant.
Mary Pat Donnelly, District Attorney, Troy (George J. Hoffman Jr. of counsel), for respondent.



Aarons, J.
Appeal, by permission, from an order of the County Court of Rensselaer County (Young, J.), entered August 15, 2018, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of attempted murder in the second degree, attempted assault in the first degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree (two counts), after a hearing.
Defendant was charged with various crimes in a multicount indictment based upon an incident where an individual was shot multiple times in the leg. Following a jury trial, defendant was convicted of attempted murder in the second degree, attempted assault in the first degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree (two counts) — a conviction that was upheld on appeal (130 AD3d 1310 [2015], lv denied 26 NY3d 1009 [2015]). Defendant thereafter moved to vacate the judgment of conviction under CPL 440.10 (g) and (h), alleging that there was newly discovered evidence establishing that he was not the shooter and that he did not receive the effective assistance of counsel. A hearing was held, after which County Court denied the motion. Defendant appeals by permission.
One contention raised by defendant in his CPL article 440 motion is a claim of actual innocence.[FN1] This contention rests on the notion that the eyewitnesses who testified at trial that defendant was the shooter could not have identified him because of their intoxicated state at the time of the shooting. One eyewitness testified at the hearing that, on the day of the shooting, she had consumed cocaine, smoked marihuana and had taken approximately 20 Xanax pills.[FN2] She also stated that the power and streetlights were out at the time of the shooting because of a blackout and that she did not remember much from that night. A detective with the City of Troy Police Department, however, testified that he spoke with this eyewitness after the shooting and described her as lucid, coherent and articulate and that she did not appear to be intoxicated. The record also discloses conflicting evidence regarding whether this eyewitness, at the time of the shooting, was inside a house or outside of the house where she could have seen the shooting. As County Court found, the hearing evidence revealed some inconsistencies as to the testimony identifying defendant as the shooter.[FN3] Given that "a preponderance of conflicting evidence as to . . . defendant's guilt" (People v Mosley, 155 AD3d 1124, 1126 [2017] [internal quotation marks and citations omitted], lv denied 31 NY3d 985 [2018]) does not suffice to support a claim of actual innocence, the court correctly denied this part of defendant's motion.
We agree, however, with defendant that he did not receive the effective assistance of counsel. One facet of this claim stems from counsel's failure to investigate witnesses who would have refuted the eyewitness' [*2]testimony of being outside of a house when the shooting occurred. Immediately prior to trial, the People provided a letter to counsel about these witnesses. These witnesses testified at the hearing that the eyewitness was inside, and not outside, of a house at the time of shooting. As counsel recognized, the case against defendant centered, in part, upon the identification of him as the shooter by the eyewitness. The witnesses identified in the letter sent by the People would have cast further doubt on the eyewitness' identification testimony, as well as whether she could have even seen the shooting. Yet, the record reflects that counsel made little efforts to reach out to these witnesses and minimal follow-up efforts.
Defendant also argues that he received ineffective assistance due to counsel's failure to investigate an alibi witness. At the hearing, defendant's uncle testified that defendant was with him in a house at the time of the shooting and that they were nowhere near the area where the shooting occurred. The uncle further stated that he was willing to testify at trial and left numerous voice messages for defendant's counsel. Defendant's counsel testified that she did not receive any voice messages from the uncle but recalled that the uncle would be an alibi witness. Other than stating in a conclusory manner that she was unable to locate the uncle, the record fails to show diligent attempts by counsel to reach him. The uncle's testimony would have bolstered the defense by providing the jury with conflicting evidence as to defendant's whereabouts at the time of the shooting. In our view, the failure to investigate this potential alibi defense and the witnesses who would have refuted the eyewitness' location at the time of the shooting cannot be considered a reasonable trial strategy (see People v Oliveras, 21 NY3d 339, 348 [2013]; People v Milazo, 18 AD3d 1068, 1070 [2005]; People v Fogle, 10 AD3d 618, 618-619 [2004]; People v Donovan, 184 AD2d 654, 655 [1992]). Accordingly, defendant's motion, to the extent predicated upon a claim of ineffective assistance of counsel, should have been granted (see People v Borcyk, 184 AD3d 1183, 1184-1186 [2020]; People v Hull, 71 AD3d 1336, 1339 [2010]; People v Bussey, 6 AD3d 621, 623 [2004], lv denied 4 NY3d 828 [2005])
Garry, P.J., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, motion granted and matter remitted to the County Court of Rensselaer County for a new trial.



Footnotes

Footnote 1: Contrary to the People's assertion, defendant may raise a freestanding claim of actual innocence under CPL 440.10 (1) (h) (see People v Mosley, 155 AD3d 1124, 1125 [2017], lv denied 31 NY3d 985 [2018]).

Footnote 2: Another eyewitness likewise testified that she had taken many drugs prior to the shooting and that she could not remember what had happened on the night of the shooting.

Footnote 3: To the extent that the testimony of the eyewitnesses could be considered as recantation evidence, such evidence is viewed as extremely unreliable (see People v Howe, 150 AD3d 1321, 1323 [2017]).