| |
|---|
| **Matter of Yee (Chiang)** |
| 2024 NY Slip Op 31773(U) |
| May 20, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2015-733/B |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------x
In the Matter of the Petition of DAVID YEE, as
Co-Executor of the Will of

RICHARD CHIANG,

Deceased,

For Discovery and Turnover of Property Withheld from the
Estate Pursuant to SCPA 2103.
-------------------------------------------------------------------------x

New York County Surrogate's Court
DATA ENTRY DEPT.

MAY 2 0 2024

DECISION and ORDER
File No.: 2015-733/B

M E L L A, S.:

The court considered the following papers (CPLR 2219[a]) in determining the motions
described below.

| Documents Considered | Numbered |
|---|---|
| Notice of Motion for Summary Judgment by Respondent MaryAnn S. Lee, Affidavit of Naomi Levin, Esq., in Support, with Exhibits, and Memorandum of Law in Support | 1,2,3 |
| Affirmation of Jaclene D'Agostino, Esq., in Opposition to Motion, with Exhibits, and Memorandum of Law in Opposition | 4, 5 |
| Affidavit of Naomi Levin, Esq., in Further Support of Respondent's Motion for Summary Judgment, with Exhibits, and Reply Memorandum of Law | 6, 7 |
| Notice of Motion for Summary Judgment by Petitioner David Yee, Affidavit of Jaclene D'Agostino, Esq., in Support, with Exhibits, and Memorandum of Law in Support | 8,9,10 |
| Affidavit of Naomi Levin, Esq., in Opposition to Motion, with Exhibits, and Memorandum of Law | 11,12 |
| Reply Affidavit of Jaclene D'Agostino, Esq., with Exhibits, and Reply Memorandum of Law in Further Support of Motion for Summary Judgment | 13,14 |

At the call of the calendar on April 5, 2022, the court denied cross-motions for summary

judgment (CPLR 3212) in this contested turnover proceeding (SCPA 2103) in the estate of

Richard Chiang. The turnover proceeding was commenced by Co-Executor David Yee

(Petitioner), who alleges that the $103,455.24 balance in decedent's JP Morgan Chase Bank account (Account), which his cousin and Co-Executor MaryAnn S. Lee (Respondent) collected after decedent's death, purportedly as joint tenant with right of survivorship, is estate property.[1]

Background

Decedent died January 3, 2015, at the age of 85, survived by his wife Wei Lu, who post-deceased in October 2016. Under his July 28, 2014 will, which was admitted to probate without objection, decedent provided for his tangible personal property to be divided among his nieces and nephews, including Petitioner and Respondent, and left his residuary estate to a trust he had previously established. Petitioner and Respondent, as the nominated Co-Executors, received Letters Testamentary in May 2016. After the dispute between the Co-Executors arose over the estate's entitlement to the proceeds of the Account, the parties engaged in discovery and then filed the instant cross-motions for summary judgment.

The parties offer sharply different narratives about the Account and decedent's intent with respect to it, but there is no dispute that decedent, accompanied by Respondent, opened the Account at Chase in April 2012, with an initial deposit of $103,613.94, none of which Respondent contributed. Nonetheless, the signature card decedent and Respondent signed at the time states that the Account's title is "Richard Chiang or MaryAnn S Lee" and refers to the ownership type of the account as "Joint." The signature card also includes language indicating that, by signing, decedent and Respondent: (1) acknowledged receipt of Chase's *Account Rules and Regulations* or other applicable account agreement" and (2) agreed "to be bound by the terms and conditions contained therein." The Deposit Account Agreement, to which the signature card referred, reads, in relevant part:

---

[1] Alternatively, Petitioner asks that, if the Account "is deemed a tenancy in common," Respondent should be directed to turn over half the proceeds from the account or $51,727.64.

2

"a. Joint account with rights of survivorship

> If a joint account has rights of survivorship, and one joint owner dies, the account will be paid to the surviving joint owners. The estate of the deceased owner will have no rights to the account.

* * *

"c. When survivorship rights apply

> Except as otherwise stated in this paragraph, a joint account has rights of survivorship unless you clearly indicate on the signature card and in the account title that the account is created without these rights."

Chase mailed the Account's statements to decedent's address and only decedent's name appears on the Account's checks. It is undisputed that the funds in the Account were used exclusively to pay for the personal needs of decedent and his wife.

After decedent's death, the co-Executors filed the estate's Federal Estate Tax return (IRS 706) which listed the account as a "joint asset" with Respondent.

Discussion

At issue in these cross-motions is whether, as a matter of law, the Account can be considered a joint account with rights of survivorship, in which case Respondent would be entitled to its proceeds, or a convenience account, in which case its proceeds would be an estate asset.

Summary judgment cannot be granted unless it clearly appears that no genuine triable issues of fact exist (see *Phillips v Kantor & Co.*, 31 NY2d 307 [1972]). The movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form, to demonstrate the absence of any material issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). If such a showing is made, the burden shifts to the party opposing the motion to come forward with proof in admissible form sufficient to

3

establish the existence of material issues of fact or provide an acceptable excuse for the failure to do so (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). The party resisting summary judgment is entitled to every favorable inference that can reasonably be drawn from the evidence (*see Branham v Loews Orpheum Cinemas, Inc.*, 8 NY3d 931 [2007]). Such evidence may include hearsay "so long as it is not the only proof submitted" (*see Bishop v Maurer*, 106 AD3d 622, 622 [1st Dept 2013]). In addition, evidence that might be barred at trial under CPLR 4519 (Dead Person's Statute) can be used to oppose summary judgment (*see Phillips v Joseph Kantor & Co.*, 31 NY2d at 315). It is clear, however, that "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to raise an issue of fact (*Zuckerman*, 49 NY2d at 562).

To establish her prima facie case that the Account was a joint account with rights of survivorship, Respondent relied on a copy of the signature card, the Deposit Account Agreement, her deposition testimony describing her relationship with decedent viz-a-viz the Account, and the Affidavit of decedent's long-time accountant Berge Avedisian which stated that decedent wanted to give Respondent $100,000 for relocating from Hawaii to New York to help decedent. Based on the signature card which included the statement that, by signing, decedent and Respondent "acknowledge[d] receipt of the Bank's Account Rules and Regulations" and the statements in the Deposit Account Agreement that joint owners have survivorship rights unless otherwise the Account that Respondent adduced, the court concluded that Respondent had made a prima facie case that she had survivorship rights to the Account (*see Matter of Butta*, 192 Misc 2d 614 [Sur Ct, Bronx County 2002], *affd* 3 AD3d 347 [1st Dept 2004]; *see also Sutton v Bank of New York*, 250 AD2d 447 [1st Dept 1998]).[2]

_____

[2] Respondent's deposition testimony concerning conversations she had with decedent regarding the establishment of the Account was not considered by the court in reaching this conclusion because

The burden then shifted to Petitioner to raise a triable issue of fact. The court found that Petitioner raised issues of fact in opposition to the motion, requiring a trial. Specifically, Petitioner identified enough equivocal facts concerning the creation of the Account and the use of its funds to raise a question concerning whether decedent intended to bestow on Respondent an immediate right to the proceeds of the Account or wished only to establish a convenience account. Accordingly, the court denied Respondent's motion for summary judgment.

As for Petitioner's motion for summary judgment, the court found that the same issues of fact Petitioner raised in opposing Respondent's motion for summary judgment prevented his motion from being granted.

This decision, together with the transcript of the April 5, 2022 proceedings, constitutes the order of the court.

Date: May 20, 2024

_____
S U R R O G A T E

---

evidence excludable under the Dead Person's Statute cannot be used to support a grant of a summary judgment motion (*see Phillips v Joseph Kantor & Co.*, 31 NY2d at 307).