People v Howard (2024 NY Slip Op 04869)

People v Howard

2024 NY Slip Op 04869

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, AND HANNAH, JJ.

593 KA 20-01629

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EARL HOWARD, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN HUTCHISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (JERRY MARTI OF COUNSEL), FOR RESPONDENT. 

 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Erie County Court (Suzanne Maxwell Barnes, J.), entered November 12, 2020. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant was previously convicted following a nonjury trial by County Court (D'Amico, J.) of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). We affirmed the judgment of conviction on direct appeal (People v Howard, 101 AD3d 1749 [4th Dept 2012], lv denied 21 NY3d 944 [2013]) and denied defendant's subsequent motion for a writ of error coram nobis and "other relief" (People v Howard, 112 AD3d 1385 [4th Dept 2013]). Defendant thereafter moved to vacate the judgment of conviction. County Court (D'Amico, J.) denied the motion without a hearing. This Court reversed that order and remitted the matter for a hearing on the motion insofar as it sought to vacate the judgment of conviction on the ground of ineffective assistance of counsel (People v Howard, 175 AD3d 1023 [4th Dept 2019]). Defendant now appeals by permission of this Court from an order of County Court (Maxwell Barnes, J.) denying his motion after a hearing. We affirm.
According to defendant, the court erred in denying his motion because defense counsel readily admitted at the hearing that he did not conduct any investigation into an alibi defense, relying instead on defendant and his mother to identify witnesses who could support that defense. Defendant further contends that the court erred in concluding that any error by defense counsel in failing to conduct a proper investigation did not warrant a new trial.
As the Court of Appeals has explained, "[e]ssential to any representation, and to the attorney's consideration of the best course of action on behalf of the client, is the attorney's investigation of the law, the facts, and the issues that are relevant to the case" (People v Oliveras, 21 NY3d 339, 346 [2013]; see People v Sposito, 37 NY3d 1149, 1150 [2022]; see generally Strickland v Washington, 466 US 668, 690-691 [1984]). "It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case" (Rompilla v Beard, 545 US 374, 387 [2005] [internal quotation marks omitted]; see generally People v Ramos, 194 AD3d 964, 965-966 [2d Dept 2021]). " 'To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for defense counsel's allegedly deficient conduct" (People v Cleveland, 217 AD3d 1346, 1349 [4th Dept 2023], lv denied 40 NY3d 933 [2023], lv denied 41 NY3d 942 [2024], quoting People v Rivera, 71 NY2d 705, 709 [1988]).
Here, even assuming, arguendo, that defense counsel did not properly investigate defendant's alibi defense (see People v Borcyk, 184 AD3d 1183, 1184-1186 [4th Dept 2020]; see also People v Lanier, 191 AD3d 1094, 1096 [3d Dept 2021]; see generally Oliveras, 21 NY3d at 348), we must determine whether counsel's acts or omissions " 'prejudice[d] the defense or defendant's right to a fair trial' " (People v Benevento, 91 NY2d 708, 714 [1998], quoting People v Hobot, 84 NY2d 1021, 1024 [1995]). Although defendant called numerous witnesses at the CPL 440.10 hearing, only one such witness provided testimony that could conceivably support an alibi defense. The witness testified that, on the night in question, she was with defendant at a party at his mother's house, which was on the same street as the shooting.
Given that the party was only a short distance from the crime scene and the witness did not testify that she kept her eyes on defendant the entire time she was at the party, we cannot conclude that the witness's testimony, if offered at trial, would likely have changed the result, especially considering that the factfinder heard and apparently rejected similar alibi testimony of defendant and his mother. Thus, we conclude that defendant "failed to demonstrate that trial counsel's omission actually had a probable effect on the outcome of the trial" (People v Hobot, 200 AD2d 586, 596 [2d Dept 1994], affd 84 NY2d 1021 [1995] [internal quotation marks omitted]; see People v Daley, 172 AD2d 619, 620-621 [2d Dept 1991]), "so as to support the conclusion that he was denied 'meaningful representation' " (Hobot, 200 AD2d at 596, quoting People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court