OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 After a jury trial, defendant was convicted of two counts of rape in the first degree and sexual abuse in the first degree for his encounter with the then nine-year-old daughter of the woman with whom defendant lived. Defendant moved to vacate his conviction pursuant to CPL 440.10 on the ground that he was denied effective assistance of counsel. Defendant asserted that trial counsel’s failure to review a "vital” document "significantly contributed” to his conviction. The trial court conducted a hearing addressed to this issue, and subsequently denied the motion. The Appellate Division affirmed, with two Justices dissenting.
 

 To prevail on his claim that he was denied effective assistance of trial counsel, defendant bears the well-settled, high burden of demonstrating that he was deprived of a fair trial by less than meaningful representation
 
 (see, People v Flores,
 
 84 NY2d 184, 186;
 
 People v Benn,
 
 68 NY2d 941, 942). There is no precise definition of what constitutes ineffective legal representation, nor is there a particular standard applicable to every case
 
 (see, People v Bennett,
 
 29 NY2d 462, 466). Rather, all of the evidence must be weighed in context and as of the time of representation to assess the alleged deficient representation. Where a single, substantial error by counsel so seriously compromises a defendant’s right to a fair trial, it will qualify as ineffective representation
 
 (see, People v Flores,
 
 84 NY2d, at 188,
 
 supra; People v Baldi,
 
 54 NY2d 137,146-147).
 

 There is no dispute that trial counsel erred in failing to familiarize himself with a document labeled "Medical Office” bearing a Brooklyn address and phone number. This document, a handwritten letter prepared by the general practitioner following her medical examination of the complainant,
 
 *1023
 
 describes her observation of various contusions on the child’s face and body, as well as a genital rash, which notation is preceded by the words "w[ith] intact hymen.” The letter concludes with a referral of the "patient to proper authorities for evaluation.” Defendant maintains that this document conclusively refutes the medical evidence presented by the prosecution, and trial counsel’s failure to utilize this material mandates a new trial. Defendant’s claim is unsupported by the record before us.
 

 Defendant’s trial counsel vigorously cross-examined the People’s medical, expert, certified by the court as an expert in the field of gynecology, who observed two small tears in the complainant’s hymen after an internal examination of the child’s pelvis. Trial counsel successfully elicited testimony from this doctor that such tears were not conclusive of penetration by a male sex organ, and that it was impossible to pinpoint the specific date the child sustained the tears or the rash. Trial counsel attempted to establish an alibi defense, eliciting testimony from relatives regarding defendant’s absence from the complainant’s home on the dates of the alleged incidents. In addition, trial counsel also tried to show that the complainant had a motive to fabricate the incidents of abuse as a means of gaining her mother’s attention, and offered testimony that the complainant recanted a portion of her allegations to her Family Court Law Guardian. Finally, in his summation, trial counsel argued that the physical condition of complainant’s genitalia was inconsistent with rape.
 

 At the hearing on defendant’s CPL 440.10 motion, the general practitioner testified that she had never before examined a child for evidence of sexual abuse; that other than her medical school rotation in gynecology and obstetrics, she had no specialized training in gynecology; and, that on the date she examined the complainant, she did not perform an internal pelvic examination nor did she possess the proper instrument to perform such an examination on a child. This doctor readily conceded that a proper internal examination might well detect injuries she could not observe with the naked eye, a conclusion buttressed by her referral of the complainant to a trained gynecologist.
 

 After hearing this testimony, the trial court determined that this doctor lacked the qualifications to testify at trial in the field of gynecology and possibly even as a medical expert, and that she certainly would not have been permitted to opine as to sexual abuse. The trial court found this doctor was an
 
 *1024
 
 equivocal witness, and that her testimony would not have created a reasonable doubt about defendant’s guilt or contradicted any issue regarding the medical findings in this case. While observing that defense counsel erred in not pursuing this witness, the trial court nevertheless concluded that her testimony would have been prejudicial to defendant given her findings of numerous contusions on the child’s face and body, and her conceded lack of expertise.
 

 Under any view of the record in this case, trial counsel’s omission did not prejudice the defense or defendant’s right to a fair trial
 
 (see, People v Flores,
 
 84 NY2d, at 188-189,
 
 supra; People v Baldi,
 
 54 NY2d, at 147,
 
 supra).
 
 Defendant has made no showing that he was denied a fair trial because trial counsel failed to utilize the medical notes prepared by the general practitioner or call her as a witness.
 

 We have considered defendant’s remaining contention and find it to be devoid of merit.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.