■ The People of the State of New York, Respondent, v Herman Romanque, Appellant. [632 NYS2d 13] —Judgment, Supreme Court, New York County (Marcy Kahn, J.), rendered June 11, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

Defendant's claim that he was denied a fair trial because of the admission of testimony concerning the practices of undercover officers and the techniques employed by narcotics sellers was not preserved as a matter of law by objection (CPL 470.05; *People v Tevaha*, 84 NY2d 879), and in any event is without merit. Limited background evidence of this nature can be of assistance to the jury's understanding of the officers' behavior, and its admission is a matter within the sound discretion of the trial court (*People v Kelsey*, 194 AD2d 248, 252). The record does not support defendant's argument that his attorney failed to provide him with meaningful representation (*People v Baldi*, 54 NY2d 137, 147) or that his attorney's performance or tactics prejudiced the defense or defendant's right to a fair trial (*see, People v Hobot*, 84 NY2d 1021, 1022, 1024). Concur—Sullivan, J. P., Wallach, Rubin, Ross and Nardelli, JJ.