■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARSHALL SCHRETER, Appellant. [675 NYS2d 891] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Leis, J.), rendered September 27, 1993, convicting him of criminal possession of a controlled substance in the first degree, conspiracy in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's ominbus motion that was to supress physical evidence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that he was provided with meaningful representation (*see, People v Ford,* 86 NY2d 397, 404; *People v Baldi,* 54 NY2d 137, 147). The defendant bears the high burden of demonstrating that he was deprived of a fair trial as the result of counsel's performance (*see, People v Hobot,* 84 NY2d 1021, 1022), and simple disagreement with strategies and trial tactics will not suffice (*see, People v Rivera,* 71 NY2d 705, 708-709).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are either unpreserved for appellate review or without merit. Miller, J. P., Sullivan, Friedmann and McGinity, JJ., concur.