■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAHAM RAVENELL, Appellant. [680 NYS2d 196] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered November 20, 1995, convicting defendant, after a jury trial, of two counts of petit larceny and three counts of offering a false instrument for filing in the first degree, and sentencing him to five concurrent terms of 6 months' imprison-

ment concurrent with five concurrent terms of 5 years' probation, unanimously affirmed.

Defendant, formerly employed as a parking meter service worker by the New York City Department of Transportation, was convicted of three counts of offering a false instrument for filing (Penal Law § 175.35) based on evidence that he submitted collection reports and equipment sign-out sheets that falsely concealed defendant's participation in stealing coins from meters. Defendant was also convicted of two counts of petit larceny (Penal Law § 155.25) for the pilferage itself. Defendant failed to preserve his arguments that the collection reports and signature sheets upon which his false instrument convictions are based did not constitute written instruments "capable of being used to the advantage or disadvantage of some person" and were not "filed with" a public office or public servant, within the meaning of Penal Law § 175.00 (3) and § 175.35. We decline to review them in the interest of justice. Were we to review these claims, we would reject each of them. The false information in defendant's collection reports and signature sheets, which concededly served to conceal the pilferage from parking meters in which he participated, rendered such documents "capable of being used to the advantage" of defendant within the meaning of Penal Law § 175.00 (3). The potential benefit flowing to defendant from the fraudulent nature of the documents in question satisfies this element of the statutory definition. Furthermore, these documents were prepared and submitted to defendant's supervisor after each day's work pursuant to the Department of Transportation's established work rules and procedures, were relied upon by the Department, were maintained at the Department's office until the end of each year, and were thereafter kept accessible at a warehouse for a further period of years. Accordingly, we find the documents were written instruments within the meaning of the statute and further find that the documents were "filed with" and "bec[a]me part of the records of" that public office within the meaning of the statute.

Defendant's trial counsel's failure to seek dismissal of the false instrument charges based on the arguments we have rejected on this appeal caused no prejudice and did not constitute ineffective assistance of counsel (*People v Hobot*, 84 NY2d 1021, 1024). Concur—Rosenberger, J. P., Ellerin, Wallach and Williams, JJ.