■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY REXACH, Appellant. [682 NYS2d 142] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered March 18, 1996, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 25 years to life and 3½ to 7 years, respectively, unanimously affirmed.

The verdict was not against the weight of the evidence. Given the jury's determinations concerning credibility of witnesses,

reliability of identification evidence, and evaluation of expert testimony, which we see no reason to disturb, there was ample evidence from which defendant's guilt could be inferred.

We reject defendant's claim that he was deprived of his right to testify. Defendant's comment to the court concerning his decision to waive his right to testify, when viewed in context, was an expression of agreement with counsel's advice, and not a statement that defendant felt himself to be mentally incompetent.

The court was not required to conduct a *sua sponte* inquiry into defendant's mental status at that time, particularly since it had already found him competent to stand trial, based on the reports of three examining psychiatrists and its own observations, and there was no indication from defense counsel that a new inquiry would be warranted (*see, People v Gensler,* 72 NY2d 239, 244-245, *cert denied* 488 US 932).

Defendant received meaningful representation by counsel (*see, People v Hobot,* 84 NY2d 1021, 1024; *People v Baldi,* 54 NY2d 137).

We perceive no abuse of sentencing discretion.

Defendant's challenges to the court's charge and the People's summation are unpreserved and we decline to review them in the interest of justice. Were we to review them, we would reject them. Concur—Rosenberger, J. P., Wallach, Rubin and Saxe, JJ.