■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HALBERT TURNER, Appellant. [697 NYS2d 651] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered June 17, 1997, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of the effective assistance of counsel is without merit. The defendant's claim is based, in large part, upon instances of unsuccessful trial strategy which the defendant now seeks to second-guess. It is well settled that "[w]hat constitutes effective assistance is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation" (People v Baldi, 54 NY2d 137, 146). The critical issue is whether, viewing the evidence, the law, and the circumstances of the case together as of the time of representation, the defense counsel provided meaningful representation (see, People v Hobot, 84 NY2d 1021; People v Benn, 68 NY2d 941; People v Baldi, supra). Here, the defense counsel obtained pretrial hearings, limited the People's ability to question the defendant regarding his prior convictions, effectively cross-examined the People's witnesses, and delivered a cogent closing statement. Therefore, the defendant was provided with meaningful representation (see, People v Benevento, 91 NY2d 708; People v Wiggins, 89 NY2d 872; People v Hobot, supra; People v Baldi, supra; People v Frye, 210 AD2d 503; People v Sullivan, 153 AD2d 223).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80). Joy, J. P., Friedmann, Goldstein and McGinity, JJ., concur.