■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS CRENSHAW WASHINGTON, Appellant. [726 NYS2d 257] —Judgment, Supreme Court, Bronx County (John Collins, J.), rendered October 2, 1997, convicting defendant, after a jury

trial, of murder in the second degree, and sentencing him to a term of 25 years to life, and order, same court and Justice, entered on or about June 1, 2000, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, unanimously affirmed.

The totality of the record and the submissions on the motion to vacate judgment establish that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). Defendant's principal complaint about his trial attorney is based on speculation that her strategy may have misled the jury into believing that certain physical evidence was favorable to the prosecution rather than the defense. However, counsel's overall performance was more than adequate, given the difficulty of the case from a defense point of view. While the People's case rested on the testimony of an accomplice, this testimony was corroborated by extremely strong circumstantial evidence, and counsel's alleged deficiencies could not have deprived defendant of a fair trial (*see, People v Hobot*, 84 NY2d 1021, 1024).

The People's summation did not deprive defendant of a fair trial. The challenged portions of the summation generally constituted fair comment on the evidence and reasonable inferences drawn therefrom, in response to the defense summation, and there was no pattern of egregious remarks warranting reversal (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

We perceive no basis for reduction of sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J. P., Tom, Ellerin, Buckley and Marlow, JJ.