■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SOTO, Appellant. [744 NYS2d 325] —Judgment, Supreme Court, Bronx County (Roger Hayes, J.), rendered March 10, 1999, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of eight years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's credibility determinations.

Counsel's failure to request submission of the lesser included offense of attempted assault in the third degree did not constitute ineffective assistance, since the record establishes that counsel purposefully and successfully sought the dismissal of three counts of the indictment based on the absence of proof that the victim suffered a physical injury. These included the third degree assault count, under which attempted third degree assault would have been a lesser included offense. Defendant has not established that counsel's choice was ill-advised or without a strategic justification (*see, People v Rivera*, 71 NY2d 705, 709). In any event, counsel's failure to request this charge could not have prejudiced defendant's defense or deprived him of a fair trial (*see, People v Benevento*, 91 NY2d 708, 713-714; *People v Hobot*, 84 NY2d 1021, 1024). In view of the evidence supporting the robbery charge and the court's instructions to the jury, there is no reason to believe that the absence of an attempted assault charge caused any prejudice.

The court properly exercised its discretion in denying defendant's mistrial motion based on the officer's brief characterization of what he perceived to be happening as he arrived at the scene. The court offered to provide a curative instruction but defendant insisted on the drastic remedy of a mistrial (*see, People v Young*, 48 NY2d 995). Defense counsel's subsequent

cross-examination established that the officer had not witnessed any crime take place, and there was no reasonable possibility that the officer's testimony contributed to the verdict. Concur—Tom, J.P., Mazzarelli, Rosenberger, Ellerin and Rubin, JJ.