■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON LLANOS, Appellant. [785 NYS2d 83]—

Judgment, Supreme Court, New York County (Jeffrey M. Atlas, J.), rendered October 26, 2000, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second felony offender, to a term of 20 years, and order, same court and Justice, entered on or about July 25, 2002, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The record of the trial and CPL 440.10 motion establishes that defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). The court conducted a hearing on the motion and there is no basis for disturbing its credibility determinations (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). Trial counsel made legitimate strategic choices in declining to call two potential defense witnesses (*see People v Smith*, 82 NY2d 731 [1993]), in that one witness was incredible and potentially harmful to the defense, and the other witness was uncooperative and effectively unavailable. Where the court had properly ruled that certain evidence of uncharged crimes would be admissible, the fact that counsel opened the door to some precluded evidence along the same lines did not prejudice defendant or deprive him of a fair trial (*see People v Hobot*, 84 NY2d 1021, 1024 [1995]). Counsel's handling of the medical evidence was competent under the circumstances of the case. We have considered and rejected defendant's remaining challenges to counsel's performance.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Andrias, Saxe, Williams and Sweeny, JJ.