■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK MATHIEU, Appellant. [796 NYS2d 522]—

Order, Supreme Court, New York County (Bruce Allen, J.), entered on or about February 5, 2004, which denied defendant's CPL 440.10 motion to vacate a judgment of the same court (Jay Gold, J.), rendered May 28, 1997, convicting him, after a jury trial, of burglary in the first degree, and sentencing him, as a second violent felony offender, to a term of 10 years, unanimously affirmed.

The court, which made detailed findings that are supported by the record, properly denied defendant's motion to vacate judgment (*see People v Satterfield*, 66 NY2d 796, 799-780 [1985]). The submissions on the motion, taken together with the trial record, establish that defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Even if we were to conclude that trial counsel should have introduced additional evidence in support of a theory of third-party culpability, we would find that the omitted evidence was exceedingly weak (*cf. People v Primo*, 96 NY2d 351 [2001]), and that its absence did not prejudice defendant's defense or

deprive him of a fair trial (*see People v Hobot*, 84 NY2d 1021, 1024 [1995]). The remaining acts of counsel challenged by defendant on appeal were reasonable strategic choices, and were we to find otherwise, we would find that they did not cause defendant any prejudice. We have considered and rejected defendant's procedural arguments. Concur—Marlow, J.P., Ellerin, Nardelli and Sweeny, JJ.