■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY COLEMAN, Appellant. [821 NYS2d 201]—

Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered September 24, 2004, convicting defendant, after a nonjury trial, of two counts of sodomy in the second degree, four counts of sexual abuse in the second degree and two counts of endangering the welfare of a child, and sentencing him to concurrent terms of 2⅓ to 7 years on the sodomy convictions and one year on each of the other convictions, unanimously affirmed.

The verdict was not against the weight of the evidence. There

is no basis for disturbing the court's determinations concerning credibility, including its evaluation of inconsistencies in testimony.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record concerning counsel's choice of cross-examination strategy (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Even if we were to find that counsel should have elicited the fact that the victims and/or their families had taken steps in contemplation of civil litigation arising out of their allegations against defendant, we would find that counsel's failure to raise this issue could not have affected the outcome of the case or deprived defendant of a fair trial (*see People v Caban*, 5 NY3d 143 [2005]; *People v Hobot*, 84 NY2d 1021, 1024 [1995]).

We perceive no basis for reducing the sentence. Concur—Buckley, P.J., Saxe, Williams, Sweeny and Malone, JJ.