■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DREW ROSE, Appellant. [822 NYS2d 280]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered April 29, 2005, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of five years, unanimously affirmed.

On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant has not established that counsel lacked a reasonable strategic basis for failing to cross-examine the victim as to whether he planned to file a civil lawsuit against defendant and defendant's employer. At the time of the trial, counsel had no information suggesting that the victim had taken any steps toward civil litigation. Counsel could have reasonably concluded that inquiry along these lines risked a negative response that might have enhanced the victim's credibility (*see People v DiCarlo*, 293 AD2d 279, 280-281 [2002], *lv denied* 98 NY2d 767 [2002]). In any event, were we to find that counsel should have made this inquiry, we would find that his failure to do so did not deprive defendant of a fair trial or cause him any prejudice (*see People v Caban*, 5 NY3d 143, 155-156 [2005]; *People v Hobot*, 84 NY2d 1021, 1024 [1995]; *compare People v Turner*, 5 NY3d 476 [2005]).

Defendant's challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). To the extent that anything in the summation could be viewed as improper, the court provided sufficient curative relief. Concur—Buckley, P.J., Mazzarelli, Williams, Gonzalez and Sweeny, JJ.