■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE DAWKINS, Appellant. [841 NYS2d 552]—

Judgment, Supreme Court, Bronx County (William C. Donnino, J.), rendered March 1, 2000, convicting defendant, after a jury trial, of murder in the first degree, and sentencing him to a term of life without parole, and order, same court (George Villegas, J.), entered on or about May 19, 2005, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The motion court properly denied those portions of defendant's CPL 440.10 motion asserting violations of *Brady v Maryland* (373 US 83 [1963]). Years after defendant's trial, his investigators obtained an affidavit from the sole identifying witness. Although the witness did not waver from her incrimination of defendant, she stated in this affidavit that the police who had questioned her after the incident told her that there was fingerprint evidence connecting her to the crime, and that they would charge her as an "accessory" if she did not cooperate. It should be noted that neither the trial testimony nor the submissions before the motion court contain any evidence implicating this witness. Even if we were to assume that the police actually made such a threat, that this constituted impeachment material required by *Brady* to be disclosed by the prosecution, and that knowledge of this threat is imputed to the prosecution by virtue of its relationship to the police, we would find that defendant has not established that he was prejudiced by the nondisclosure. The witness gave credible testimony at trial, and the alleged threat would have simply explained the circumstances that led

her to cooperate with the authorities, rather than furnishing a motive to incriminate anyone *falsely*. Accordingly, we find that there was not even a reasonable possibility that the failure to disclose the alleged threat contributed to the verdict (*see People v Vilardi*, 76 NY2d 67, 77 [1990]).

There is no merit to the other prong of defendant's *Brady* claim, in which he asserts that the prosecutor failed to disclose that the witness had been extended leniency with respect to her unrelated drug case in exchange for her testimony. At trial, the witness testified that she did not receive any leniency, and she reiterated this in the affidavit she later gave to defendant's investigators. There is no evidence to the contrary, and defendant's claim rests on speculation. There was evidence before the motion court concerning the District Attorney's general practices in disposing of street-level drug cases involving defendants facing incarceration in other jurisdictions, and the record supports the conclusion that this witness received what would be an unremarkable disposition for a person in her situation who was *not* assisting the prosecution. Furthermore, we reject defendant's assertion that the trial prosecutor tacitly encouraged the prosecutor handling the witness's drug case to extend leniency, and that the trial prosecutor maintained deliberate ignorance of such leniency. This claim is based entirely on defendant's speculative reading of a statement made by this prosecutor during the trial.

Defendant's challenges to the prosecutor's summation and the court's charge are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find nothing to warrant reversal. Similarly, we find that defendant was not prejudiced by his attorney's failure to raise these issues at trial (*see People v Caban*, 5 NY3d 143, 155-156 [2005]; *People v Hobot*, 84 NY2d 1021, 1024 [1995]; *compare People v Turner*, 5 NY3d 476 [2005]). We also reject defendant's claim that trial counsel rendered ineffective assistance with respect to the above-discussed "leniency" issue. Given disclaimers of any leniency made by both the witness and the prosecutor, and the lack of any other evidence of leniency, it was reasonable for trial counsel to conclude that there was no point in pursuing the matter. Defendant's remaining ineffective assistance arguments are without merit.

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ.