THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTIAN FIGUEROA, Appellant. [880 NYS2d 631]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered March 23, 2005, convicting defendant, after a jury trial, of two counts of grand larceny in the third degree, and sentencing him to concurrent terms of five years' probation, and order, same court and Justice, entered on or about April 23, 2008, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The court properly found that defendant received the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). In this case involving thefts from defendant's employer by means of improper use of a company credit card, counsel negotiated a settlement agreement with the complainant company that included the company's agreement to ask the District Attorney's Office to discontinue the prosecution, and counsel advised defendant to sign the agreement. These were reasonable strategic decisions, in which counsel sought to forestall the criminal prosecution. That this strategy ultimately proved unsuccessful does not constitute ineffective assistance of

counsel (*see People v Berroa*, 99 NY2d 134, 138 [2002]). The fact that some of the statements in the settlement agreement were used against defendant on cross-examination likewise does not establish that this strategy was unreasonable or that defendant was prejudiced by it (*see People v Smith*, 59 NY2d 156, 166-167 [1983]). As the jury was made aware, the agreement also contained a clause stating that defendant denied all liability and that nothing in the agreement should be construed as an admission of liability, and defendant testified that he signed the agreement because he simply wanted to resolve the dispute with the company.

Even assuming, as defendant asserts, that counsel neglected to tell defendant, prior to entering into the agreement, that the prosecution could go forward even if defendant signed the agreement, that alleged failure did not cause defendant any prejudice or deprive him of a fair trial (*see People v Hobot*, 84 NY2d 1021 [1995]). If defendant had not signed the agreement, the prosecution would still go forward, and the statements in the agreement were not prejudicial in light of the disclaimers in the agreement and the overwhelming evidence of guilt, including defendant's false denial, when confronted with the purchases, that he was ever issued such a credit card, his continued purchases after leaving the company, and his failure to make any arrangements with the company for repayment of his personal purchases. Moreover, the company did request of the District Attorney's Office that it discontinue the prosecution, and counsel reasonably could have determined that the possibility that the District Attorney would accede to the request was defendant's best chance to avoid being convicted.

As the motion court found, counsel's conduct during the trial indicated a thorough understanding of the facts of the case, and demonstrated that counsel was prepared to cross-examine the prosecution witnesses. It was also apparent that defendant was prepared to testify, despite the claim that counsel had not prepared defendant "prior to trial." While in summation counsel argued that the critical time for purposes of defendant's intent was when he made the purchases, without also addressing the issue of whether defendant later formed the intent to withhold payment (*see People v Haupt*, 247 NY 369, 371 [1928]; Penal Law § 155.05 [1]), this had a reasonable strategic explanation as well, in that there was little evidence of defendant's larcenous intent at the time of the purchases, but overwhelming evidence of his later intent to avoid payment. For this reason, any error by counsel in this regard was harmless.

We have considered and rejected defendant's remaining

claims. Concur—Saxe, J.P., Buckley, McGuire, Moskowitz and Acosta, JJ.