■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR HERNANDEZ, Appellant. [880 NYS2d 489]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered May 10, 2007, convicting defendant, after a jury trial, of attempted assault in the first degree and assault in the second degree, and sentencing him, as a persistent violent

felony offender, to an aggregate term of 18½ years to life, unanimously affirmed.

Defendant did not preserve his claims that the victim gave "lay opinion" testimony about his injuries and that, in summation, the prosecutor improperly interpreted medical records in the absence of expert testimony, and we decline to review them in the interest of justice. As an alternative holding, we find that both the victim and the prosecutor essentially stated the obvious, and that any error in either respect was harmless. The People were not required to prove that the victim sustained a serious physical injury, but only that defendant attempted to cause such injury, and the attempt, including the requisite intent, could be readily inferred from the evidence without reference to the alleged lay opinion evidence and the prosecutor's discussion of the medical records.

Defendant also failed to preserve his claim that the court should have instructed the jury on the limited probative value of flight evidence, and we decline to review it in the interest of justice. As an alternative holding, we find any error in this regard to be harmless (see People v Crimmins, 36 NY2d 230 [1975]).

Defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Regardless of whether defendant's attorney should have raised the issues suggested by defendant on appeal, his failure to do so did not deprive defendant of a fair trial or cause him any prejudice (see People v Caban, 5 NY3d 143, 155-156 [2005]; People v Hobot, 84 NY2d 1021, 1024 [1995]; compare People v Turner, 5 NY3d 476 [2005]).

Defendant's constitutional challenge to his sentencing as a persistent violent felony offender is without merit (see Almendarez-Torres v United States, 523 US 224 [1998]).

We have considered and rejected defendant's pro se claims.

Motion seeking leave to file pro se reply brief denied. Concur—Tom, J.P., Friedman, Catterson, Moskowitz and Richter, JJ.