At a Sirois hearing (Matter of Holtzman v Hellenbrand, 92 AD2d 405 [1983]), the People established, by clear and convine *479 ing evidence, that defendant caused a witness’s unavailability by making threats. Accordingly, defendant forfeited his right to confront this witness, whose grand jury testimony was properly received in evidence (see People v Cotto, 92 NY2d 68 [1998]; People v Geraci, 85 NY2d 359 [1995]). There was ample proof of the identities of the participants in recorded phone conversations. To the extent that defendant’s threats to the witness were implied threats, the implication was unmistakable. Furthermore, it can be readily inferred that the witness’s failure to testify was caused by the threats.
The court properly exercised its discretion in admitting expert testimony regarding gangs (see generally People v Lee, 96 NY2d 157, 162 [2001]). Regardless of whether the underlying charges were gang-related, expert testimony was necessary to explain words and phrases that defendant used in phone conversations (see e.g. People v Boyd, 164 AD2d 800, 803 [1st Dept 1990], lv denied 77 NY2d 904 [1991]). This testimony was highly probative, and was beyond the knowledge of the typical juror. The expert was sufficiently qualified to give this testimony, based on his practical experience, and he did not convey any hearsay to the jury.
The court properly declined to give missing witness charges as to three uncalled witnesses. Defendant did not establish that these persons were under the People’s control for purposes of a missing witness charge, or that they could offer material, noncumulative testimony (see People v Gonzalez, 68 NY2d 424 [1986]).
The record does not establish that defendant’s sentence was based on any improper criteria, and we perceive no basis for reducing the sentence.
We have considered and rejected defendant’s remaining claims. Concur — Gonzalez, P.J., Mazzarelli, Acosta and Román, JJ.