■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL WALSTON, Appellant. [956 NYS2d 543]—

The defendant's contention that he was deprived of the effective assistance of counsel is without merit. The defendant's claim is based upon defense counsel's failure to request a charge of manslaughter in the second degree as a lesser-included offense of murder in the second degree. "What constitutes effec-

tive assistance is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation" (*People v Baldi*, 54 NY2d 137, 146 [1981]). The critical issue is whether, viewing the evidence, the law, and the circumstances of the case together as of the time of representation, defense counsel provided meaningful representation (*see People v Hobot*, 84 NY2d 1021 [1995]; *People v Benn*, 68 NY2d 941 [1986]; *People v Baldi*, 54 NY2d at 146). Moreover, under the federal standard, to prevail on a claim of ineffective assistance of counsel, a "defendant must show that counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (*Strickland v Washington*, 466 US 668, 688, 694 [1984]; *see People v Bodden*, 82 AD3d 781 [2011]).

Here, defense counsel was correct in declining to ask for a charge on manslaughter in the second degree because there is no reasonable view of the evidence that would have supported a finding that the defendant acted recklessly in repeatedly shooting the victim (*see People v Henderson*, 41 NY2d 233, 235 [1976]; *People v Etienne*, 250 AD2d 776 [1998]). The defendant was provided with meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Wiggins*, 89 NY2d 872 [1996]; *People v Hobot*, 84 NY2d at 1021; *People v Baldi*, 54 NY2d at 146; *People v Frye*, 210 AD2d 503 [1994]; *People v Sullivan*, 153 AD2d 223 [1990]).

The defendant additionally contends, relying upon the United States Supreme Court's decision in *Presley v Georgia* (558 US 209 [2010]), that his right to a public trial was violated when the Supreme Court temporarily excluded observers from the courtroom during initial portions of the voir dire because there was seating available only for the prospective jurors. However, at no point during voir dire did the defendant raise any objection to the temporary closure of the courtroom. Accordingly, the defendant's claim that his right to a public trial was violated is unpreserved for appellate review (*see People v Alvarez*, 20 NY3d 75 [2012]), and we decline to review it in the exercise of our interest of justice jurisdiction (*see* CPL 470.05 [2]).

The defendant's contention that the Supreme Court's procedure for handling a certain jury note violated the procedure set forth by the Court of Appeals in *People v O'Rama* (78 NY2d 270, 277-278 [1991]) is unpreserved for appellate review (*see People v Ramirez*, 15 NY3d 824 [2010]). Furthermore, the alleged error did not constitute a mode of proceedings error which would obviate the preservation requirement (*see People v Alcide*,

95 AD3d 897, 898 [2012], *lv granted* 19 NY3d 956 [2012]; *People v Bryant*, 82 AD3d 1114, 1114 [2011]; *cf. People v Lockley*, 84 AD3d 836 [2011]), and we decline to review it in the exercise of our interest of justice jurisdiction (*see* CPL 470.05 [2]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Florio, Lott and Miller, JJ., concur.