THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONI MAZARIEGO, Appellant. [986 NYS2d 235]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Sullivan, J.), rendered July 18, 2012, convicting him of manslaughter in the first degree, gang assault in the first degree, and attempted assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's conviction of gang assault in the first degree under count two of the indictment to attempted gang assault in the first degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for sentencing on the conviction of attempted gang assault in the first degree.

In December 2010, John Pareja, Plutarco Galindo, and two friends went to a bar where the defendant was also present with a number of friends. Galindo and Pareja, who were members of Sur Trece gang, engaged in a verbal altercation with the defendant and his friends on the dance floor, during which the defendant's friends displayed hand signals associated with the Mara Salvatrucha, or MS-13, gang. Shortly thereafter, Galindo, Pareja, and their friends left the bar. The defendant and several of his friends followed them, and a physical altercation ensued between the two groups on the sidewalk and street outside the bar. During the altercation, Galindo and Pareja were stabbed. Galindo died from his injuries, while Pareja suffered a cut to the right flank that was approximately three inches deep. Following a jury trial, the defendant was convicted of manslaughter in the first degree, which was charged as a lesser included offense of murder in the second degree, as well as gang assault in the first degree and attempted assault in the second degree.

The defendant challenges his conviction of gang assault in the first degree, asserting that the People failed to present legally sufficient evidence that Pareja suffered a "serious physical injury," which is defined as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily

organ" (Penal Law § 10.00 [10]). Although the defendant failed to preserve for appellate review his legal sufficiency argument in connection with this conviction (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; CPL 470.05 [2]), we review it as a matter of discretion in the interest of justice. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally insufficient to establish the defendant's guilt of gang assault in the first degree beyond a reasonable doubt.

Although Pareja was stabbed in the right flank, his wounds required no stitches, and there was no evidence that he suffered any permanent damage to his kidney, which suffered a small laceration. Moreover, when he was examined, Pareja was oriented and alert, able to converse, and had normal vital signs and blood pressure. Further, the only evidence of protracted disfigurement or impairment of health was that he had a scar, which the jury saw, and that he felt pain on the scar. The record, however, includes no description of the scar or what, if any, limitations Pareja suffered as a result of his injury. Thus, the People failed to adduce legally sufficient evidence that Pareja suffered a "serious physical injury" within the meaning of Penal Law § 10.00 (10), which is an element of gang assault in the first degree (*see* Penal Law § 120.07; *People v Nimmons*, 95 AD3d 1360, 1360-1361 [2012]; *People v Adames*, 52 AD3d 617 [2008]).

The evidence was legally sufficient, however, to support a finding that the defendant committed attempted gang assault in the first degree by "engag[ing] in conduct which tend[ed] to effect the commission of" (Penal Law § 110.00) that offense by acting in concert with others, with the intent to cause serious physical injury, even if such injury did not actually occur. The proof adduced at trial was legally sufficient to prove that the defendant came "dangerously near" the commission of the completed crime (*People v Kassebaum*, 95 NY2d 611, 618 [2001]) and, thus, established the defendant's guilt of attempted gang assault in the first degree. Moreover, we are also satisfied that the jury's finding that the People established the elements of gang assault in the first degree, other than the actual infliction of serious physical injury upon the complainant, was not against the weight of the evidence. Accordingly, we modify the judgment by reducing the conviction on the second count of the indictment from gang assault in the first degree to the lesser included offense of attempted gang assault in the first degree (*see* CPL 470.15 [2] [a]; *People v Serrano*, 74 AD3d 1104, 1105-1106 [2010]; *People v Ham*, 67 AD3d 1038, 1040 [2009]).

The defendant also challenges the legal sufficiency of the evidence supporting his conviction of manslaughter in the first degree. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that offense beyond a reasonable doubt.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to manslaughter in the first degree and attempted assault in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

In addition, the defendant was not deprived of his right to the effective assistance of counsel, as counsel provided meaningful representation (*see People v Henry*, 95 NY2d 563, 565-566 [2000]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Walston*, 101 AD3d 1156, 1156-1157 [2012]).

With respect to the defendant's challenge to the People's expert witness, the trial court providently exercised its discretion in finding that the People's expert was qualified to render an expert opinion on the history of gangs and about hand signals used by various gangs, as the witness demonstrated that he possessed the skill, training, knowledge, and experience necessary to explain this information (*see People v Washington*, 108 AD3d 576, 577 [2013]; *People v Bryson*, 101 AD3d 478 [2012]). Further, the witness's testimony was properly limited to information necessary to provide relevant background information about gang rivalry. Contrary to the defendant's assertion, the expert's testimony did not impermissibly bolster the People's evidence. Balkin, J.P., Dickerson, Chambers and Hall, JJ., concur.