◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LUNDI, Appellant. [13 NYS3d 833]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered October 11, 2011, convicting him of murder in the second degree, gang assault in the first degree, gang assault in the second degree, assault in the second degree, criminal possession of a weapon in the third degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the facts, by reducing the defendant's conviction of gang assault in the second degree to attempted gang assault in the second degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for sentencing on the conviction of attempted gang assault in the second degree.

The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to prove the intent element of gang assault in the second degree and assault in the second degree (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt the intent element of those crimes. Moreover, the jury's finding that the intent element of those crimes was satisfied was not against the weight of evidence.

The defendant also failed to preserve for appellate review his contention that the evidence was legally insufficient to prove the "serious physical injury" element of gang assault in the second degree (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d at 492). However, upon the exercise of our factual review power (*see* CPL 470.15 [3] [b]; [5]), we find that the verdict on the count charging gang assault in the second degree was against

the weight of the evidence because the complainant, Tiffany Lebron, did not suffer a "serious physical injury" (Penal Law §§ 120.06, 10.00 [10]). The prosecution failed to demonstrate beyond a reasonable doubt that Lebron suffered serious and protracted disfigurement (*see People v Stewart*, 18 NY3d 831, 832 [2011]; *People v McKinnon*, 15 NY3d 311, 315-316 [2010]; *People v Ragguete*, 120 AD3d 717, 718 [2014]). Nevertheless, the evidence was sufficient to prove that the defendant, acting in concert with others, came "dangerously near" to committing the completed crime (*People v Kassebaum*, 95 NY2d 611, 618 [2001]; *see People v Mazariego*, 117 AD3d 1082, 1083 [2014]). Accordingly, we modify the judgment by reducing the defendant's conviction of gang assault in the second degree to attempted gang assault in the second degree (*see* CPL 470.15 [2] [a]; *People v Mazariego*, 117 AD3d at 1083).

Contrary to the defendant's contention, the verdict of guilt on the counts charging murder in the second degree, gang assault in the first degree, criminal possession of a weapon in the third degree, and tampering with physical evidence was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Skelos, Roman and LaSalle, JJ., concur.