■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SILVIO R. ILLESCAS, Appellant. [31 NYS3d 549]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered February 25, 2014, convicting him of predatory sexual assault (two counts), rape in the first degree, and assault in the second degree, upon his plea of guilty, and imposing sentence. By decision and order of this Court dated March 18, 2015, the matter

was remitted to the County Court, Westchester County, for a hearing on the defendant's motion to withdraw his plea of guilty, for which the defendant was to be appointed new counsel, and for a new determination of the motion thereafter (*see People v Illescas*, 126 AD3d 915 [2015]). By decision and order on motion of this Court dated January 6, 2016, the matter again was remitted to the County Court, Westchester County, for the issuance of a report addressing only the defendant's pro se motion, made at the time of sentencing, to withdraw his plea of guilty, as directed in the decision and order of this Court dated March 18, 2015. The appeal was held in abeyance pending receipt of a report from the County Court. The County Court has now filed a transcript of the proceedings held before it on January 26, 2016, in lieu of a report, which transcript has been accepted for filing and deemed a report.

Ordered that the determination of the County Court, Westchester County, in the report dated January 26, 2016, which granted the defendant permission to withdraw his plea of guilty with regard to his conviction of assault in the second degree, is vacated; and it is further,

Ordered that the judgment is affirmed.

At sentencing, the defendant, in effect, moved pro se to withdraw his plea of guilty, asserting that he was innocent and expressing dissatisfaction with his counsel. By decision and order dated March 18, 2015, this Court determined that the defendant's right to counsel was adversely affected when his attorney took a position adverse to him with respect to the motion at sentencing (*see People v Illescas*, 126 AD3d 915, 915-916 [2015]). Further, this Court concluded that the County Court should have assigned a different attorney to represent the defendant before it determined the defendant's motion to withdraw his plea of guilty (*id.* at 916). Thus, this Court remitted the matter to the County Court, Westchester County, for a hearing on the defendant's motion to withdraw his plea of guilty, for which the defendant was to be appointed new counsel, and for a new determination of the motion thereafter (*id.*). The appeal was held in abeyance pending receipt of the County Court's report.

Upon remittitur, the County Court improperly permitted the defendant to submit an entirely new post-conviction motion to withdraw his plea of guilty and thereafter, issued an order granting that motion. By decision and order on motion dated January 6, 2016, this Court determined that the County Court exceeded the scope of this Court's directive contained in the decision and order dated March 18, 2015. Thus, this Court

again remitted the matter to the County Court, Westchester County, for the issuance of a report, without any accompanying order, specifically limited to and addressing only those issues raised in the defendant's pro se motion, made at the time of sentencing, to withdraw his plea of guilty. This Court expressly directed that "[t]here are no other matters to be considered by the County Court upon remittitur."

Thereafter, the County Court filed with this Court a transcript of the proceedings held before it on January 26, 2016. In the interest of judicial economy, this Court will deem this transcript to constitute the report, which this Court directed the County Court to issue in the decisions and orders dated March 18, 2015, and January 6, 2016. Inasmuch as the transcribed minutes show that the County Court again considered and determined an entirely new contention, namely, that the defendant's plea allocution with regard to his conviction of assault in the second degree was, in effect, defective and thus, permitted the defendant permission to withdraw his plea of guilty with regard thereto, we must vacate that determination. This Court's mandate, upon remittitur, was for the County Court to address only those issues raised in the defendant's pro se motion, made at the time of sentencing, to withdraw his plea of guilty, and not to determine any other matters.

With regard to the contention properly considered by the County Court on remittitur, we agree with the County Court's determination that the defendant did not establish a basis to withdraw his plea on the grounds raised in his pro se motion. Furthermore, contrary to the contention raised in point II of the defendant's appellate brief, the record reflects that his plea of guilty was knowingly, voluntarily, and intelligently entered (*see People v Sougou*, 26 NY3d 1052 [2015]; *People v Harris*, 61 NY2d 9, 17-19 [1983]; *People v Bush*, 132 AD3d 691 [2015]). Accordingly, the defendant's pro se motion, made at the time of sentencing, to withdraw his plea of guilty was properly denied, and we affirm the judgment of conviction in its entirety. Rivera, J.P., Hall, Roman, Cohen and Barros, JJ., concur.