■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONI N. MAZARIEGO, Appellant. [38 NYS3d 820]—Appeal by the defendant from a sentence of the County Court, Nassau County (Sullivan, J.), imposed June 26, 2014, upon his conviction of attempted gang assault in the first degree, upon a jury verdict, as reduced by a decision and order of this Court dated May 28, 2014 (*see People v Mazariego*, 117 AD3d 1082 [2014]).

Ordered that the sentence is affirmed.

Following a jury trial, the defendant was convicted of

manslaughter in the first degree, gang assault in the first degree, and attempted assault in the second degree. On a prior appeal, this Court modified the judgment of conviction by reducing the conviction of gang assault in the first degree to attempted gang assault in the first degree, and vacating the sentence imposed upon the conviction of gang assault in the first degree. As so modified, the judgment was affirmed, and the matter was remitted to the County Court, Nassau County, "for sentencing on the conviction of attempted gang assault in the first degree" (*People v Mazariego*, 117 AD3d 1082, 1082 [2014]).

Upon remittitur, the County Court sentenced the defendant solely on the reduced conviction of attempted gang assault in the first degree, and did not disturb the sentences imposed upon the defendant's other two convictions.

The defendant's sole contention on this appeal is that, upon remittitur, the County Court should also have resentenced him on his other two convictions. Contrary to his contention, the County Court properly carried out the directive contained in this Court's decision and order by sentencing him solely with respect to the reduced conviction of attempted gang assault in the first degree (*see* CPL 470.15 [2] [a]; 470.20 [4]; *cf. People v Villanueva*, 136 AD3d 1068 [2016]; *People v Calas*, 134 AD3d 1043 [2015]). The County Court had no obligation, or authority, to resentence the defendant on the convictions that were affirmed by this Court's decision and order (*see* CPL 470.15 [2] [a]; 470.20 [4]; *cf. People v Illescas*, 139 AD3d 873 [2016]). Eng, P.J., Leventhal, Maltese and Connolly, JJ., concur.