People v Barr (2019 NY Slip Op 02350)





People v Barr


2019 NY Slip Op 02350


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2012-11077
 (Ind. No. 641/12)

[*1]The People of the State of New York, respondent,
v
Leo Barr, appellant.


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Michelle Kaszuba of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered November 26, 2012, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence. By decision and order dated April 30, 2014, this Court remitted the matter to the Supreme Court, Queens County, for a hearing on the defendant's motion to withdraw his plea of guilty, and thereafter for the submission of a report by the Supreme Court on its determination of the motion. The appeal was held in abeyance pending receipt of a report from the Supreme Court. An order of the Supreme Court dated October 29, 2014, has been received by this Court.
ORDERED that the order dated October 29, 2014, the defendant's plea of guilty entered subsequent to that order, and the sentence imposed thereon are vacated; and it is further,
ORDERED that the judgment rendered November 26, 2012, is affirmed.
Prior to the imposition of sentence, the defendant moved pro se to withdraw his plea of guilty. At the sentencing hearing, assigned counsel took a position adverse to the defendant's position, and moved to be relieved as counsel. The Supreme Court denied counsel's motion to be relieved and denied the defendant's motion to withdraw his plea.
The defendant appealed from the ensuing judgment of conviction. In a decision and order dated April 30, 2014, this Court determined that, since the defendant's right to counsel was adversely affected when his attorney took a position adverse to his, the Supreme Court should have assigned a different attorney to represent the defendant before determining the defendant's motion to withdraw his plea of guilty (see People v Barr, 116 AD3d 1061). Accordingly, this Court remitted the matter to the Supreme Court for a hearing on the defendant's motion to withdraw his plea of guilty, for which the defendant was to be appointed new counsel, and thereafter for the submission of a report by the Supreme Court on its determination of the motion. The appeal was held in abeyance pending receipt of the Supreme Court's report, and the Supreme Court was directed to file the report with all convenient speed.
Upon remittal, the parties appeared before the Supreme Court for a hearing on the defendant's motion to withdraw his plea of guilty, and the People consented to the withdrawal of the plea. In an order dated October 29, 2014, the Supreme Court purported to vacate the defendant's "plea, judgment and sentence," and adjourned the matter for trial. Subsequently, and still without any communication from the Supreme Court to this Court, the defendant entered a new plea of guilty, and the Supreme Court imposed a new sentence, which was more severe than the original sentence. The Supreme Court never filed a report with this Court, but instead, provided a copy of the order dated October 29, 2014.
In this Court's decision and order dated April 30, 2014, the Supreme Court was directed to conduct a hearing on the defendant's motion to withdraw his plea, to make a new determination on that motion, and to file a report with this Court. The appeal was held in abeyance and, thus, this Court retained jurisdiction of this matter (see generally NY Const, art VI § 4[k]; People v Pollenz, 67 NY2d 264, 267-268). As the defendant correctly argues in his supplemental brief, the Supreme Court's order dated October 29, 2014, in which it purported to vacate the judgment of conviction, as well as the subsequent acceptance of a new plea of guilty and the imposition of a new sentence, exceeded the scope of the remittal, and was inconsistent with this Court's directives. Moreover, the Supreme Court lacked the power to vacate the judgment of conviction, since Criminal Procedure Law article 440 was not invoked by either party. Since jurisdiction over this matter was retained by this Court, the Supreme Court lacked jurisdiction to vacate the judgment of conviction, and thus, its order purporting to do so, as well as the new plea of guilty and the sentence imposed thereon, must be vacated (see e.g. People v Illescas, 139 AD3d 873, 875).
However, although the Supreme Court lacked authority to conduct further proceedings following the hearing on the defendant's motion to withdraw his plea, and the October 29, 2014, order, the defendant's subsequent plea of guilty and the sentence imposed thereon, must be vacated, the defendant has not raised any arguments, in either his main brief or his supplemental brief, that would require reversal of his original judgment of conviction. We therefore affirm the judgment of conviction rendered November 26, 2012.
The People's remaining contentions have been rendered academic in light of our determination.
MASTRO, J.P., RIVERA, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court