People v Burgos (2025 NY Slip Op 00795)

People v Burgos

2025 NY Slip Op 00795

Decided on February 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 11, 2025

Before: Singh, J.P., Gonzalez, Scarpulla, Rosado, O'Neill Levy, JJ. 

Ind. No. 3815/17 Appeal No. 3655 Case No. 2019-05168 

[*1]The People of the State of New York, Respondent,
v
Junior Burgos, Defendant-Appellant.

Caprice R. Jenerson, Office of The Appellate Defender, New York (Alexander Ricks of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Anna Notchick of counsel), for respondent.

Judgment, Supreme Court, New York County (Neil Ross, J., at suppression hearing; Barry Warhit, J., at plea; Steven Statsinger, J., at sentencing), rendered August 21, 2019, as amended September 26, 2019, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him to a term of seven years, unanimously affirmed.
The court providently denied defendant's motion to suppress the drugs and drug paraphernalia that were in plain view in defendant's vehicle. The detective's view of drug paraphernalia in plain view from a "lawful vantage point" permitted him to remove defendant from the car and recover the paraphernalia (see People v Tyler, 262 AD2d 136 [1st Dept 1999], lv denied 93 NY2d 1046 [1999]). Since the detective had lawfully entered the vehicle when he observed, in plain view, what appeared to be heroin sticking out of a trap on the back of the passenger seat, he was permitted to seize those drugs (see People v Webb, 291 AD2d 319 [1st Dept 2002]; People v Thomas, 275 AD2d 276, 277 [1st Dept 2000], lv denied 95 NY2d 939 [2000]). We see no reason to disturb the credibility findings of the hearing court (see People v Prochilo, 41 NY2d 759, 761 [1977]).
The hearing court providently exercised its discretion in qualifying the police witness to testify as an expert in the operation of traps, used to conceal contraband in vehicles. To be qualified as an expert, the court should determine whether the witness has "professional or scientific knowledge or skill not within the range of ordinary training or intelligence" (People v Cronin, 60 NY2d 430, 432 [1983]). Here, the expert was sufficiently qualified to give testimony on whether the trap had been pried open, based on his specialized training on traps as well as his practical experience, where he had personally uncovered more than 60 traps, and had seen well over 150 traps (see People v Bryson, 101 AD3d 478 [1st Dept 2012]).
Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters of strategy not reflected in, or fully explained by, the record (see People v Campbell, 30 NY3d 941, 942-943 [2017]; People v Rivera, 71 NY2d 705, 709 [1988]). Since defendant has not made a CPL 440.10 motion, the merits of his ineffectiveness claim may not be addressed on appeal. As an alternative holding, to the extent that the existing record permits review, we find that defendant received effective assistance (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that counsel's failure to object to admission of a prior consistent statement by the detective fell below an objective standard of reasonableness, or that it deprived defendant of a fair trial or affected the outcome of the suppression hearing (see People v Ludwig, 24 NY3d 221, 230 [2014]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, [*2]APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2025