■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY GLENN, Also Known as JEFFREY WILLIAMSON, Appellant. [723 NYS2d 425] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered July 13, 1998, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record. Upon observing the livery cab in which defendant was a passenger commit a traffic infraction, the police officers were authorized to stop the car (People v Ingle, 36 NY2d 413). Since the validity of the stop is based on the objective circumstances and not the subjective intent of the police, it is irrelevant that the officers were motivated by their belief that a robbery was in progress (Whren v United States, 517 US 806; People v Robinson, 271 AD2d 17, lv granted 95 NY2d 968; People v McCoy, 239 AD2d 437, lv denied 91 NY2d 928).

There was probable cause to arrest defendant. The police officer observed about 50 small plastic bags, which, based on his experience, he knew were used to package illicit drugs, on the rear passenger seat within arm's reach of defendant. In addition, the officer had observed, as he approached the stopped car, movement by defendant suggesting that defendant was trying to distance himself from the bags. The totality of the circumstances, including the number of bags and defendant's furtive behavior, provided the police with probable cause (see, People v Yancy, 86 NY2d 239; People v Heretakis, 210 AD2d 102, lv denied 85 NY2d 863; People v Ramos, 168 AD2d 359, lv

*denied* 77 NY2d 910). Concur—Sullivan, P. J., Andrias, Wallach, Saxe and Friedman, JJ.