(February 26, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHMAN WEBB, Appellant. [737 NYS2d 618] —Judgment, Supreme Court, New York County (George Daniels, J.), rendered

January 6, 1998, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

Defendant's suppression motion was properly denied. While investigating violent crimes, in particular cab robberies, in the area of 138th Street and 12th Avenue in Manhattan, the police lawfully stopped a taxi cab for a traffic infraction (*see, People v Robinson*, 97 NY2d 341, *affg* 271 AD2d 17). The police then opened the cab doors as an appropriate security measure after one of the approaching officers had seen defendant, who was in the backseat, throwing something on the floor (*see, People v David L.*, 56 NY2d 698, *revg on dissenting mem* 81 AD2d 893, 895-896, *cert denied* 459 US 866). The ensuing discovery of narcotics paraphernalia in plain view provided probable cause for defendant's arrest (*see, People v Hill*, 64 AD2d 907), and the remaining contraband, along with defendant's statements, were lawfully obtained (*see, People v Glenn*, 279 AD2d 422, *affd* 97 NY2d 341).

Defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). At the hearing, defense counsel vigorously pursued appropriate suppression theories, exhibiting a thorough grasp of the factual issues and knowledge of the applicable law. In particular, defense counsel urged the then arguable position that the stop was a pretext and that *Whren v United States* (517 US 806) should not apply.

Defendant's specific argument, that counsel failed to adequately examine the People's witnesses about facts which would support a pretext stop theory, is without merit and of no moment in light of the recent Court of Appeals decision in *People v Robinson (supra)*, which specifically adopted *Whren* as a matter of state law. In *Robinson*, the Court of Appeals held that a police officer who has probable cause to believe a driver had committed a traffic infraction does not violate the New York State Constitution when the officer, whose primary motivation is to conduct another investigation, stops the vehicle. Accordingly, the stop was proper, and the evidence seized admissible. Concur—Mazzarelli, J.P., Rosenberger, Ellerin, Wallach and Marlow, JJ.