■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL GONZALEZ, Appellant. [747 NYS2d 511] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered September 30, 1997, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him to a term of three years to life, unanimously affirmed.

The court properly denied suppression of physical evidence and statements. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761). The officers' actions following the lawful cab stop were entirely lawful. When the sergeant first observed through the rear window that defendant, a passenger in the rear seat, was acting nervously and placing an object on the floor, the sergeant had a reasonable fear for his safety. This justified, at the very least, the limited, self-protective intrusion of opening the rear door and leaning into the cab to determine whether the object defendant placed on the floor was a weapon (*see People v David L.*, 56 NY2d 698 [*revg on dissent* 81 AD2d 893, 895-896], *cert denied* 459 US 866; *see also People v Webb*, 291 AD2d 319; *People v Peart*, 283 AD2d 14, 19, *lv dismissed sub nom. People v Chang*, 96 NY2d 939). When the sergeant then observed that defendant was using his foot to push a paper bag underneath the front seat, this raised the sergeant's level of apprehension that the "crunched up" bag might contain a weapon, and he properly asked defendant "what are you doing over there," which was also a minimal intrusion. When defendant admitted that the bag contained drugs, the officers had probable cause to arrest him and to recover the bag. Concur—Williams, P.J., Tom, Mazzarelli, Sullivan and Gonzalez, JJ.