■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL MENDEZ, Appellant. [843 NYS2d 217]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J., at suppression hearing; Bruce Allen, J., at plea and

sentence), rendered September 15, 2005, convicting defendant of criminal possession of a weapon in the second and third degrees, criminal possession of a controlled substance in the third degree and criminal possession of a forged instrument in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of seven years, unanimously affirmed.

The court properly denied defendant's suppression motion. The police properly approached defendant and his van with weapons drawn, based upon statements by an identified informant whose reliability and basis of knowledge were, at least, sufficient to meet the standard of reasonable suspicion (see People v Herold, 282 AD2d 1, 4-5 [2001], lv denied 97 NY2d 682 [2001]). The informant made his statement while under arrest for possession of heroin. That circumstance enhanced the reliability of his statements, since "it . . . can also be inferred that an individual in the informant's position would not lightly mislead the police and thereby exacerbate his predicament" (People v Comforto, 62 NY2d 725, 727 [1984]). Furthermore, his information was based on his personal dealings with defendant, and since he was admitting to a series of narcotics purchases he was making a declaration against penal interest (see People v Johnson, 66 NY2d 398, 403-404 [1985]). Moreover, the informant's prediction of defendant's behavior was substantially accurate. After lawfully approaching, the police recovered a firearm from defendant's van as a result of a plain view observation, made from a vantage point that resulted from their exercise of reasonable safety precautions (see People v Barrett, 14 AD3d 369 [2005]; People v Gonzalez, 298 AD2d 133 [2002], lv denied 99 NY2d 558 [2002]). Concur—Lippman, P.J., Tom, Nardelli, Gonzalez and Kavanagh, JJ.