■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYESE FUNDERBUNK, Appellant. [997 NYS2d 63]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J., at suppression hearing; Cassandra M. Mullen, J., at jury trial and sentencing), rendered October 26, 2010, as amended December 10, 2010, convicting defendant of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender, to a term of four years, unanimously affirmed.

The court properly denied defendant's suppression motion. The only police activity challenged on appeal is an officer's act

of opening a car door during a lawful traffic stop, which ultimately led to the recovery of contraband. Defendant concedes that the police were entitled to order the occupants to come out of the car (*see People v Robinson*, 74 NY2d 773 [1989], *cert denied* 493 US 966 [1989]), but argues that they were not entitled to open a car door without individualized suspicion of criminality.

Opening a door is a minimally intrusive safety precaution, incident to a valid automobile lawful traffic stop (*People v David L.*, 56 NY2d 698 [1982], *revg on dissent* 81 AD2d 893, 895-896 [2d Dept 1981]). Such an action is comparable to, and actually less intrusive than, ordering the occupants to exit the car. We find nothing in *People v Garcia* (20 NY3d 317 [2012]) to suggest that *David L.* should no longer be followed.

Here, an officer acted reasonably in opening a door because the car's excessively tinted windows obstructed the view of the car's interior, including the rear seat passenger area, and the officer heard a fellow officer direct the rear passenger to stop moving and place his hands in view. Accordingly, opening the door was a reasonable safety precaution (*see e.g. People v Gonzalez*, 298 AD2d 133 [2002], *lv denied* 99 NY2d 558 [2002]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Friedman, Andrias, Feinman and Kapnick, JJ.