People v Simpson (2019 NY Slip Op 07620)





People v Simpson


2019 NY Slip Op 07620


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2014-09881
 (Ind. No. 2646/12)

[*1]The People of the State of New York, respondent,
v
Michael Simpson, appellant.


Paul Skip Laisure, New York, NY (Alexis A. Ascher of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Kathryn A.A. O'Neill of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Evelyn L. Braun, J.), rendered March 24, 2014, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven W. Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant was a passenger in a vehicle in which the police found a loaded gun. We agree with the Supreme Court's denial of that branch of the defendant's omnibus motion which was to suppress physical evidence, to wit, the gun. The search was not illegal. The defendant does not dispute that the initial stop of the vehicle based on traffic violations was lawful. Further, the officers' conduct in approaching the vehicle and opening the passenger door was an appropriate security measure, based on the tinted windows and the movement observed by the officers in the backseat of the vehicle, and the officers' concern for their safety (see People v Funderbunk, 122 AD3d 515; People v Edwards, 222 AD2d 603; People v Vazquez, 135 AD2d 896; People v Green, 133 AD2d 170). Further, the officers' observations of items in plain view gave them probable cause to search the passenger compartment of the vehicle without a warrant, pursuant to the automobile exception to the warrant requirement (see People v Blasich, 73 NY2d 673, 681; People v Henderson, 57 AD3d 562, 564).
At the trial, the defendant's guilt was established in part by recordings of the defendant's phone conversations from when he was in jail, during which he admitted that he agreed to hold the gun for one of his companions. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349; People v Bleakley, 69 NY2d 490, 495). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court