People v Cruz (2022 NY Slip Op 02514)

People v Cruz

2022 NY Slip Op 02514

Decided on April 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 19, 2022

Before: Gische, J.P., Webber, Scarpulla, Rodriguez, Higgitt, JJ. 

Ind. No. 1925/17 Appeal No. 15749 Case No. 2019-5211 

[*1]The People of the State of New York, Respondent,
v
Jonathan Cruz, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Katia Barron of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Philip V. Tisne of counsel), for respondent.

Judgment, Supreme Court, New York County (Abraham L. Clott, J. at hearing; Ann E. Scherzer, J. at plea and sentencing), rendered September 14, 2018, convicting defendant of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of 3½ years, unanimously affirmed.
Regardless of whether defendant made a valid waiver of his right to appeal, we find that the hearing court correctly denied defendant's suppression motion. There is no basis for disturbing the hearing court's credibility determinations. The police lawfully stopped the car in which defendant was a passenger because the windows appeared to be tinted (see People v Robinson, 103 AD3d 421, 421-22 [1st Dept 2013], lv denied 20 NY3d 1103 [2013]). The officer was entitled to open defendant's car door as a protective measure after the officer's requests for the occupants of the car to open the windows were repeatedly ignored (see People v Funderbunk, 122 AD3d 515 [1st Dept 2014], lv denied 25 NY3d 1201 [2015]). Further, the officer was entitled to seize the drugs that came into plain view when the car door was opened. Although the officers also detected the smell of marijuana, that was not the sole basis for their actions. Accordingly, we need not decide any issues regarding the applicability of recently enacted provisions (Penal Law § 222.05[3], [4]) that relate to the odor of cannabis as a basis for a search.
We perceive no basis for reducing the sentence, including the two-year period of postrelease supervision. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 19, 2022