People v Silva (2026 NY Slip Op 01141)

People v Silva

2026 NY Slip Op 01141

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Kennedy, J.P., Scarpulla, Kapnick, González, Rodriguez, JJ. 

Ind No. 1609/20|Appeal No. 5940|Case No. 2022-04434|

[*1]The People of the State of New York, Respondent,
vRafael Silva, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Elizabeth Batkin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jaime Masten of counsel), for respondent.

Judgment, Supreme Court, New York County (Althea E.M. Drysdale, J.), rendered August 30, 2022, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree (two counts) and assault in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 7½ years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Lamont, 25 NY3d 315, 318-319 [2015]; People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). There is no basis for disturbing the jury's credibility determinations. The totality of the evidence regarding events before, during, and after the crime (see Matter of Tatiana N., 73 AD3d 186, 190-191 [1st Dept 2010]), including witness testimony and surveillance video footage, supports the jury's conclusion that when defendant commanded the shooter to "pop" the victim during an argument, he was aware that the shooter possessed a loaded firearm, and he intended for the shooter to fire his weapon at the victim and cause him to sustain physical injury (see People v Grasso, 189 AD3d 486, 487 [1st Dept 2020], lv denied 36 NY3d 1097 [2021]; People v Torres, 108 AD3d 474, 475 [1st Dept 2013], lv denied 22 NY3d 998 [2013]; People v Christie, 55 AD3d 341, 342 [1st Dept 2008], lv denied 12 NY3d 757 [2009]).
Several of defendant's present challenges to the prosecutor's summation are unpreserved, and we decline to consider them in the interest of justice (see People v Romero, 7 NY3d 911, 912 [2006], lv denied 91 NY2d 976 [1998]). As an alternative holding, we find that the prosecutor's summation did not deprive defendant of a fair trial (see People v Overlee, 236 AD2d 133, 136 [1st Dept 1997]). In response to defense counsel's arguments challenging the credibility of the witnesses and the evidence of accomplice liability, the prosecutor permissibly offered common sense and evidence-based arguments that the witnesses were credible, contended that the witnesses had no reason to lie, and marshaled the evidence (see People v Gonzalez, 298 AD2d 133, 133-134 [1st Dept 2002], lv denied 99 NY2d 614 [2003]; People v Bryant, 294 AD2d 221 [1st Dept 2002], lv denied 99 NY2d 534 [2002]). The prosecutor's challenged remarks "constituted fair comment on the evidence and reasonable inferences to be drawn therefrom" (People v Harkless, 238 AD3d 646, 647 [1st Dept 2025], lv denied 44 NY3d 1028 [2025]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026